OPINION
{¶ 1} This appeal is brought by Appellant, Robert A. Koester ("Koester") from the judgments of the Court of Common Pleas, Wyandot County sentencing him to a term of twelve months for the charge of breaking and entering and eighteen months for the charge of safecracking in Case No. 00-CR-0032 and to a term of twelve months for the charge of unauthorized use of a motor vehicle and twelve months for the charge of breaking and entering in Case No. 00-CR-0038, to be served consecutive to each other and consecutive to the sentence Koester was serving in the state of Michigan.
 {¶ 2} Koester was arrested in relation to an incident at Hillzy's Tavern located in Wyandot County, Ohio (Trial Case No. 00-CR-0032). Koester was indicted on July 26, 2000 on one count of breaking and entering, in violation of R.C. 2911.13(A), a felony of the fifth degree and one count of safecracking, in violation of R.C. 2911.31(A), a felony in the fourth degree. Koester's case appeared before the trial court on these charges for the purpose of trial on March 6, 2001. Koester failed to appear because he was incarcerated in Holt County, Nebraska. On motion of the state, in its judgment entry dated March 9, 2001, the trial court ordered the tolling of the speedy trial limits as of March 6, 2001.
 {¶ 3} In addition, Koester was arrested on July 31, 2000 and charged with breaking and entering, unauthorized use of a motor vehicle and drug possession in relation to an incident at Woody's Restaurant in Wyandot County, Ohio (Trial Case No. 00-CR-0038). Koester was indicted on August 23, 2000 on one count of breaking and entering, in violation of R.C. 2911.13(A), a felony of the fifth degree and on one count of unauthorized use of a motor vehicle, in violation of R.C. 2913.03(B), also a felony of the fifth degree. The charge of drug possession was dismissed. Koester was arraigned on February 15, 2001. On April 30, 2002, the trial court ordered the tolling of the speedy trial limits as of March 12, 2001, due to Koester being incarcerated in Nebraska.
 {¶ 4} Koester was incarcerated in Holt County in the State of Nebraska during most of the time in which both criminal cases in Wyandot County, Ohio were pending. The state of Michigan also had a holder on Koester, during the same period of time, which had priority over the holder of Wyandot County. In accordance with the priorities of holders, Koester was transported to the State of Michigan upon his release from the Holt County, Nebraska facility on August 19, 2001. Former counsel for Koester, Mary Snyder, received a letter from the county prosecutor on January 2, 2002 informing her of Koester's incarceration in Michigan and proposing a plea agreement in order to dispose of the charges against Koester in Wyandot County, Ohio. The prosecutor's proposed plea agreement indicated that if Koester agreed with the proposed agreement the prosecutor would determine the necessary paperwork to expedite Koester's return to Ohio for the purpose of changing his plea. However, Koester, acting through his counsel, rejected the plea agreement. On October 10, 2002, Koester signed an Interstate Detainer Agreement requesting a speedy trial disposition of the charges in both criminal cases in Wyandot County.
 {¶ 5} On February 6, 2003, counsel for Koester filed a motion to dismiss all the pending charges against Koester, alleging that the state violated Koester's right to a speedy trial by failing to bring Koester to trial within the time required by R.C. 2945.71 and 2945.72. The state filed its response on February 10, 2003 and counsel for Koester filed a reply memorandum on February 12, 2003. On February 24, 2003, the trial court overruled Koester's motion to dismiss, finding that the state had exercised reasonable diligence in attempting to secure the availability of Koester for trial and that his right to a speedy trial had not been violated. Koester then pled no contest to each of the charges on February 24, 2003.
 {¶ 6} On March 6, 2003, the trial court sentenced Koester for the charges arising out of both criminal cases (00-CR-0032 and 00-CR-0038) in Wyandot County, Ohio. The trial court sentenced Koester to a term of twelve months for the charge of breaking and entering and a term of eighteen months for the charge of safecracking in Case No. 00-CR-0032. The trial court also sentenced Koester to a term of twelve months for the charge of unauthorized use of a motor vehicle and a term of twelve months for the charge of breaking and entering in Case No. 00-CR-0038. The trial court ordered that the sentences be served consecutive to each other and also consecutive to the sentence Koester was serving in Michigan at the time of his appearance in the Court of Common Pleas of Wyandot County.
 {¶ 7} Koester now appeals the judgments of the Court of Common Pleas of Wyandot County for Case No. 00-CR-0032 and Case No. 00-CR-0038. Koester raises the following assignments of error in both of his appeals:
The trial court erred by failing to grant Mr. Robert Koester's motion to dismiss because Mr. Koester was not brought to trial within the time mandated by Ohio Revised Code Section 2945.71.
The trial court erred by imposing on Mr. Koester maximum and consecutive sentences because the trial court failed to provide the reasoning necessary to support its findings.
 {¶ 8} In his first assignment of error, Koester argues that the trial court violated his right to a speedy trial by failing to meet the requirements of R.C. 2945.71. Koester argues that while the Interstate Agreement on Detainers, codified in section 2963.30 of the Ohio Revised Code, is relevant to the case, it is not dispositive to how this court should decide this case. The state of Ohio argues that the provisions of section 2963.30 are the appropriate law for this court to use in determining the time period in which Koester should be brought to trial.
 {¶ 9} We begin our analysis with the provision of R.C. 2945.71(C) which requires a person charged with a felony to be brought to trial within two hundred seventy days after his arrest. R.C. 2945.72(A) provides that the time within which an accused must be brought to trial may be extended by:
[a]ny period during which the accused is unavailable for hearing or trial, by reason of other criminal proceedings against him, within or outside the state, by reason of his confinement in another state, or by reason of the pendency of extradition proceedings, provided that the prosecution exercises reasonable diligence to secure his availability.
R.C. 2945.72(A). These speedy trial provisions are mandatory and must be strictly complied with by the trial court. State v. Singer (1977),50 Ohio St.2d 103, 362 N.E.2d 1216. If the speedy trial time limits of sections 2945.71 and 2945.72 of the Revised Code are exceeded, a person charged with an offense must be discharged. R.C. 2945.73.
 {¶ 10} The state argues that the speedy trial time limits were tolled because Koester was incarcerated in another state during the time in which he was scheduled to appear in court in Ohio. The record shows that Koester was indicted on multiple charges that arose out of two incidents that occurred in Wyandot County, Ohio. Koester was indicted on charges of breaking and entering and safecracking with respect to Case No. 00-CR-0032 and on charges of unauthorized use of a motor vehicle, breaking and entering and drug possession in Case No. 00-CR-0038.
 {¶ 11} Koester was unable to appear for trial in the Court of Common Pleas of Wyandot County, Ohio for Case No. 00-CR-0032 because he had been transported to Holt County, Nebraska on February 20, 2001 for the purpose of arraignment on charges pending in that state. The prosecution was informed that Koester would not be able to be transported back to Ohio for his trial on March 6, 2001 because he was scheduled to appear in court in Nebraska. Upon motion of the State, the trial court tolled the speedy trial time limit in Case No. 00-CR-0032 as of March 6, 2001 and in Case No. 00-CR-0038 as of March 12, 2001. The trial court ordered that the speedy trial time limits in both cases be tolled pursuant to R.C. 2945.72.
 {¶ 12} As stated above, R.C. 2945.72(A) provides that when an accused is unavailable for hearing or trial because of his incarceration outside the state, the time within which the accused must be brought to trial is extended. R.C. 2945.72(A) also provides that the prosecution must exercise reasonable diligence in securing the accused's availability. In its motions dated February 28, 2001 and March 6, 2001, the prosecution provided evidence, confirmed by Wyandot County Sheriff Michael Hetzel, that Koester was in the custody of a United States Marshal for purposes of extradition to Holt County, Nebraska where he was scheduled for arraignment on criminal charges. In addition, the prosecution provided evidence that there was a holder on Koester from the state of Michigan and that Koester would most likely be held for extradition to the state of Michigan upon his release from the state of Nebraska.
 {¶ 13} Koester argues that the state of Ohio did not continue to exercise reasonable diligence in its attempts to secure Koester's availability for prosecution. Koester contends that since the prosecution was always aware of Koester's whereabouts and did not attempt to secure his availability after the trial court tolled the speedy trial time limits, the speedy trial time expired before Koester was transferred to Ohio for the purpose of changing his plea. We review the record to determine the appropriate amount of time tolled in these cases.
 {¶ 14} R.C. 2945.72(A) provides for the extension of speedy trial time when an accused is unavailable by reason of his incarceration in another state. There is no dispute in this case that Koester was unavailable for his trial date of March 6, 2001 due to his recent transport to the state of Nebraska for arraignment on criminal charges. Koester does not contest that the trial court correctly tolled the time for his speedy trial on March 6, 2001 due to his incarceration in the state of Nebraska. We do, however, note that speedy trial time is tolled only for as long as the defendant is unavailable and the prosecution can show reasonable diligence was exercised to secure his availability. In this case, the trial court ordered the speedy trial time to be tolled in Koester's criminal cases without specifying a termination date for the tolling of the speedy trial time.
 {¶ 15} This court examined the issue of indefinite tolling of speedy trial time in State v. Chatman (Feb. 13, 1996), Marion App. No. 9-94-61, 1996 WL 65610, *4, where we held that "R.C. 2945.72(H) does not give the trial court blanket discretion to extend the time in which an accused must be brought to trial." In addition, we held that "[t]he applicable time limit is not tolled absolutely, but merely extended by the time necessary in light of the reason for the delay." Id. Accordingly, while we conclude that the trial court acted properly in entering judgment to toll the speedy trial time in Koester's criminal cases, those judgments alone are not necessarily effective to indefinitely extend the speedy trial time for the entire period of Koester's out-of-state incarceration. We must also review the reasonableness of the actions by the state of Ohio in securing Koester's availability for disposition of the pending charges in Wyandot County, Ohio.
 {¶ 16} We are content with the trial court's finding, and Koester seems to concede, that the initial efforts by the prosecution to make Koester available for his trial scheduled for March 6, 2001 satisfied the "reasonable diligence" standard required by R.C. 2945.72(A). The prosecution acted upon a warrant to remove Koester from Lima Correctional Institution on February 24, 2001 only to learn that Koester had been transported to the state of Nebraska two days prior. The prosecution contacted the Sheriff's Office in Holt County, Nebraska to determine Koester's status and was informed that Koester was to appear in court that month on charges pending in Nebraska. The prosecution was also informed that the State of Michigan had a holder on Koester that had priority over any holder obtained subsequently by the state of Ohio. Thus, it does not appear from the record that the prosecution was able to obtain custody of Koester for purposes of trial as of March 6, 2001. After the state's motions to toll the speedy trial time limits in Case Nos. 00-CR-0032 and 00-CR-0038, made on February 28, 2001 and March 12, 2001, respectively, the Wyandot County Sheriff's Office sent a holder for Koester to the Sheriff's Office in Holt County, Nebraska.
 {¶ 17} The record does not show any additional efforts made by the prosecution to secure Koester's availability for trial in the state of Ohio until January 2, 2002, some 302 days in Case No. 00-CR-0032 and 296 days in Case No. 00-CR-0038 from the dates the speedy trial time was originally tolled by the trial court on March 6 and 12, 2001. On January 2, 2002, the prosecution sent a letter to Koester's defense counsel proposing a plea agreement. The prosecution sought to dispose of the criminal cases pending in Wyandot County, Ohio against Koester and proposed a recommended sentence if Koester changed his plea to guilty. The prosecution acknowledged that it was aware of Koester's current location of incarceration in the state of Michigan and that it would contact the institution to determine the documents necessary to expedite Koester's release and transport to the state of Ohio in order to change his plea. Koester refused the plea agreement and the record shows that the prosecution did nothing further to secure his availability in the state of Ohio for disposition of the pending charges until Koester was finally returned to the jurisdiction on February 4, 2003 for further proceedings — a further period of some 396 days passed from the January 2, 2002 plea offer by the state.
 {¶ 18} In Koester's Motion to Dismiss, filed on February 6, 2003 and in his brief filed with this court, Koester concedes that the tolling of the speedy trial time limits on March 6, 2001 and March 12, 2001 were proper and even concedes that the speedy trial time may have been properly tolled until January 2, 2002. Koester argues, however, that the speedy trial time limits should not have been tolled after the prosecution's letter offering a plea agreement. Koester proposes that the prosecution refused to make any effort to secure Koester's availability for disposition of the pending charges in Wyandot County, Ohio once Koester turned down the plea agreement and expressed his wishes to have a trial. The record certainly does not show any further efforts by the prosecution to dispose of the pending charges after Koester declined the plea agreement. In fact, the next communication between Koester and the prosecution was the invocation of the Interstate Agreement on Detainers on the part of Koester. Koester signed the Agreement on October 1, 2002, over 270 days after the prosecution had offered Koester a plea agreement. In fact, it was some 415 days from the date of the letter offering the plea agreement until the date Koester changed his plea. It was almost two years from the time the trial court tolled the speedy trial time limits until the time Koester changed his plea. Without any explanation on the record from the prosecution explaining the large lapses of time between action by the state in these cases we find it difficult to determine that the prosecution exercised reasonable diligence to secure Koester's availability for disposition of the pending charges in Wyandot County, Ohio.
 {¶ 19} Even when we give the state every benefit of the doubt and the advantage in computing time; for example, by completely restarting the calculation of speedy trial time from the January 2, 2002 date that the state proposed a plea agreement to Koester, an entire period of over 270 days passed without explanation by the state before returning Koester to Ohio. An examination of the record makes it clear that the prosecution believed there was a way to bring Koester to the state of Ohio to dispose of the pending charges at a time earlier than his release from out-of-state incarceration, yet the state did not exercise its power to bring about that result. It appears that the state relied upon the trial court's tolling of the speedy trial time limits and the fact that the holder from the state of Ohio was subsequent to the holder from the state of Michigan to justify its inaction in these cases.
 {¶ 20} Under the circumstances in this case, we do not agree that placing a holder alone was sufficient to constitute reasonable diligence.[1] The state should have made at least some effort to bring Koester to the state of Ohio to dispose of the pending charges in the time period from when Koester was unavailable to appear for trial in March of 2001 until he finally made a plea change on February 24, 2003. Rather, the state waited until Koester invoked the Interstate Agreement on Detainers before it made any effort to have Koester transported to the state of Ohio in order to dispose of the pending charges. As noted above, Koester signed the Interstate Agreement on Detainers over 270 days after the state offered Koester a plea agreement.
 {¶ 21} Ohio has codified the Interstate Agreement on Detainers (IAD) under R.C. 2963.30. "The purpose of the IAD as pronounced in Article I of the IAD is to provide the mechanism for the expeditious disposition of outstanding charges filed in one member state, against a prisoner incarcerated in another member state." State v. Godley (Mar. 18, 1992), Seneca App. No. 13-91-31, 1992 WL 52760, *1; see United States v.Mauro (1978), 436 U.S. 340, 349-53. Koester invoked Article III of the Interstate Agreement on Detainers, which provides:
(a) Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint * * *.
R.C. 2963.30. Koester requested the speedy disposition of the pending charges in Wyandot County, Ohio while he was incarcerated in Michigan.[2]
Once the state had received Koester's request for a speedy disposition of the pending charges in Wyandot County, Ohio the state did not waste any time in serving Koester with a new indictment and setting a trial date. The record does not contain any explanation as to why the prosecution was unable to proceed in this same fashion at an earlier date. For example, the state always had the option to invoke the Interstate Agreement on Detainers on its own motion which would have begun the process of extraditing Koester and disposing of the pending charges. Article IV of the Interstate Agreement on Detainers provides a mechanism for the state to transport a defendant who is incarcerated outside the state in order to dispose of the pending charges in the state invoking the Agreement. The Eleventh District Court of Appeals has held:
Article IV(a) states the procedure by which a prosecuting attorney can request temporary custody of a prisoner in another state, for the purpose of bringing the prisoner to trial on a pending indictment. Article IV also provides that once custody has been given to `receiving' state, the prisoner must be tried within a certain period[.]
State v. Gall (Feb. 28, 1992), 11th Dist. App. No. 91-T-4530, 1992 WL 217999, * 2. The Interstate Agreement on Detainers gives the option to both the state and the accused to invoke the benefit of the provision and the option should be a consideration of the state in determining the exercise of reasonable diligence in a particular case.
 {¶ 22} While we refrain from proposing a blanket standard for the prosecution to follow in order to show "reasonable diligence" was exercised in securing the availability of a defendant incarcerated outside the State of Ohio, we do hold that reasonable diligence was not shown in this case by the prosecution in securing Koester's availability for disposition of the pending charges. The state's efforts in securing a defendant's availability should be documented, whether successful or unsuccessful in actually obtaining the defendant's availability for trial. The state has the burden of bringing a defendant before the court on pending charges and the record should reflect the efforts made by the state to do so and, in cases in which the state is unable to do so, the reasons why such efforts were unsuccessful. Equally important in our view, the defendant's invocation of the Interstate Agreement on Detainers does not operate to extend the speedy trial time limits of R.C. 2945.71
et seq. The Interstate Agreement on Detainers was designed to provide a mechanism for the speedy disposition of outstanding charges, not as a mechanism to extend the time within which the state may bring a defendant to trial after the speedy trial time limits had expired. Accordingly, Koester's first assignment of error is sustained.
 {¶ 23} Having found merit with Koester's first assignment of error, the second assignment of error is moot and there is no need to address it. The judgments of Koester's conviction by the Court of Common Pleas of Wyandot County are reversed.
Judgments of convictions are reversed.
SHAW and CUPP, JJ., concur.
[1] The Second District Court of Appeals, in State v. Bailey (Sept. 15, 2000), 141 Ohio App.3d 144, 750 N.E.2d 603, held that the state's effort of filing a detainer, without more, was not enough to constitute reasonable diligence. Although Bailey did not involve out-of-state incarceration, we find the proposition of law that more effort is required to constitute reasonable diligence than placing a detainer on a defendant generally applicable to the situation in the case sub judice.
[2] Michigan is also a party to the Interstate Agreement on Detainers and has codified the provisions of the Agreement at Mich.Comp. Laws Ann. 780.601 et seq.