DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Arthur Miller, appeals the judgment of the Huron County Court of Common Pleas, which denied his motion to dismiss on grounds that his right to a speedy trial was violated. For the following reasons, the judgment is affirmed.
 {¶ 2} Over 13 years ago, on June 7, 1994, appellant was arrested on charges that he sexually assaulted his daughter. He posted bond and was then served with an *Page 2 
indictment for rape, a violation of R.C. 2907.02(A)(2) and a felony of the first degree, and sexual battery, a violation of R.C. 2907.03(A)(5) and a felony of the third degree. He failed to appear for his arraignment.
 {¶ 3} He was arrested again on June 12, 2006, and filed a motion to dismiss the indictment for failure to bring him to a speedy trial. At a hearing held on the motion, appellant admitted that he had left the state of Ohio and lived and worked in Arizona and California from 1994 to 2004 or 2005. The trial court denied the motion to dismiss. CitingState v. Bauer (1980), 61 Ohio St.2d 83, it held that appellant waived his right to a speedy trial when he failed to appear for his initial arraignment in 1994, but that the right was reinstated with his arrest in 2006.
 {¶ 4} Appellant then entered a plea of no contest to an amended charge of attempted sexual battery, a violation of R.C. 2923.02(A) and2907.03(A)(5) and a felony of the fourth degree. He was convicted and sentenced to a term of 18 months incarceration. By stipulation, he was determined to be a sexually oriented offender and was given notice of notification responsibilities.
 {¶ 5} Appellant asserts one assignment of error for review:
 {¶ 6} "The trial court erroneously denied appellant's motion to dismiss."
 {¶ 7} First and most clearly, appellant cannot assert that the state violated his statutory right to a speedy trial. R.C. 2945.72(D) provides that the time to try an accused is extended by "[a]ny period of delay occasioned by the neglect or improper act of the accused." An accused's failure to appear for a preliminary hearing or arraignment *Page 3 
constitutes an improper act pursuant to this section. See State v.Gibson (1992), 75 Ohio App.3d 388; State v. Campbell, 11th Dist. No. 2003-A-0056, 2005-Ohio-3091, ¶ 12-15, citing Bauer, supra. The trial court correctly held that appellant's statutory right to a speedy trial was tolled by his own actions from the date he failed to appear at the scheduled arraignment until the date of his re-arrest. Id.
 {¶ 8} Appellant also argues, however, that his constitutional right to a speedy trial was violated. This Sixth Amendment provision extends to the states through the Due Process Clause. Klopfer v. NorthCarolina (1967), 386 U.S. 213. Unlike the statutory right, an accused's constitutional right to a speedy trial has not been quantified.Barker v. Wingo (1972), 407 U.S. 514, 523. Instead, courts must employ a balancing test of four factors to determine whether an accused has been deprived of this right: "Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." Id. at 530.
 {¶ 9} The state acknowledges that the delay of 12 years was "very long." It argues, however, that the reasons for the delay are attributable to appellant. After his indictment, appellant "went west" and spent time in Arizona, California, and Colorado. He worked occasionally, lived with a girlfriend for a while and was homeless for a time. He did not tell anyone locally where he was going and he did not leave a forwarding address. Appellant's explanation for failing to appear was that he "thought everything was taken care of because he "never got any court papers or anything to go to court." However, as he signed his bond and signed a form requesting appointed counsel, he must *Page 4 
have been aware of the charges against him. Appellant also failed to assert his right to a speedy trial within this time.
 {¶ 10} A greater length of time usually indicates a greater prejudice to the accused because time erodes witness memories and evidence may become stale. In this case, any prejudice resulting from the length of time is not as great because the victim is the only witness. Unlike the accused in Doggett v. U.S. (1992), 505 U.S. 647, 653, appellant was aware that serious charges were pending against him when he left the jurisdiction. Although the state did not put forth evidence of its efforts to locate appellant, his own account of his circumstances during that time would have frustrated such efforts. Each of the last three factors favor the state in this instance. Although the length of delay is long, the reasons for the delay, the lack of appellant's assertion of his right, and the resulting low prejudice all militate against a finding that appellant's speedy trial right was violated. Appellant's assignment of error is therefore not well-taken.
 {¶ 11} The judgment of the Huron County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Huron County.
 JUDGMENT AFFIRMED. *Page 5 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
 Peter M. Handwork, J., Arlene Singer, J., William J. Skow, J., CONCUR. *Page 1