The STATE of Ohio, Appellant,

v.

MAJOR, Appellee.

[Cite as *State v. Major*, 180 Ohio App.3d 29, 2008-Ohio-6534.]

Court of Appeals of Ohio,
Sixth District, Erie County.

No. E–08–030.

Decided Dec. 12, 2008.

Kevin J. Baxter, Erie County Prosecuting Attorney, and Mary Ann Barylski, Assistant Prosecuting Attorney, for appellant.

Martin J. McManus and Corey L. Tomlinson, for appellee.

SINGER, Judge.

{¶ 1} Appellant appeals a judgment of the Erie County Court of Common Pleas after all charges against appellee were dismissed because appellee's right to a speedy trial were violated. For the following reasons, we affirm the trial court.

{¶ 2} In September 1993, appellee, Donald B. Major, was indicted for kidnapping, felonious assault, and attempted murder. A warrant was issued for his arrest. On December 12, 1993, Michigan authorities arrested appellee on unre-

lated charges. Appellant, the state of Ohio, received notification because of the outstanding warrant. When appellee was brought before the Michigan court, he refused to waive extradition. Following appellee's refusal, Ohio authorities requested a Governor's Warrant.

{¶ 3} On March 28, 1994, the Michigan court dismissed the order of extradition with prejudice because the statutory time limit in M.C.L.A. 780.14 and M.C.L.A. 780.16 for holding appellee had expired. Following dismissal of the order, the state of Ohio produced an untimely Governor's Warrant on November 23, 1994. The Erie County Sheriff withdrew the original warrant because the Governor's Warrant had been issued.

{¶ 4} On February 1995, appellee was arrested for conspiracy and distribution of cocaine in Michigan. Appellee failed to appear for sentencing, and a warrant was issued by Michigan and federal authorities. The Erie County Sheriff sent a teletype, followed up by a letter, advising of its warrant and requesting a holder. Ultimately, appellee was sentenced to three years in prison and five years of supervised release for the new charges.

{¶ 5} Upon appellee's release from prison, there were no outstanding warrants or holds from any state. Following his release, appellee resided in Detroit, Michigan, with his wife and family under his own name. From 1996 until July 3, 2007, no action was taken by the state of Ohio.

{¶ 6} In July 2007, appellee was pulled over for a traffic violation, and the warrant from Ohio reappeared. Once Erie County officials received notification that appellee was again fighting extradition, they requested and received another Governor's Warrant. Following the disposition of the violation, appellee was brought before the trial court.

{¶ 7} On March 28, 2008, the trial court held a hearing on appellee's motion to dismiss the original three charges dating back to 1993 out of Erie County. The court granted appellee's motion and dismissed all charges because further prosecution would have violated appellee's rights to a speedy trial. It is this judgment that appellant appeals.

{¶ 8} Appellant sets forth the following single assignment of error:

{¶ 9} "The trial court abused it [sic] discretion when the court dismissed the indictment on the grounds that appellant was denied his right to a speedy trial."

{¶ 10} The right to a speedy trial is "fundamental" and "is one of the most basic rights preserved by the [United States] Constitution." *Klopfer v. North Carolina* (1967), 386 U.S. 213, 225–226, 87 S.Ct. 988, 18 L.Ed.2d 1. The right is guaranteed by the Sixth Amendment and is applicable in state criminal proceedings through the due process clause of the Fourteenth Amendment.

*Pointer v. Texas* (1965), 380 U.S. 400, 401, 85 S.Ct. 1065, 13 L.Ed.2d 923. The right to a speedy trial is recognized in Section 10, Article 1, Ohio Constitution.

■ {¶ 11} On January 1, 1974, the legislature in Ohio codified the speedy trial right. R.C. 2945.71 specifies the time limitations in which a defendant must be prosecuted. Although time limits are stated, R.C. 2945.72 allows for tolling under specific circumstances. It must be further pointed out that these tolling provisions are to be strictly construed against the state. *State v. Singer* (1977), 50 Ohio St.2d 103, 109, 4 O.O.3d 237, 362 N.E.2d 1216.

■ {¶ 12} Both the state and appellee rely on *Barker v. Wingo* (1972), 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101, to support their arguments. *Barker* sets forth four factors to weigh against each other to determine whether the accused's right to a speedy trial has been violated. Id. at 530, 92 S.Ct. 2182, 33 L.Ed.2d 101. The four factors are (1) length of delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) prejudice to the defendant. Id. While the court stated that none of the factors are a "necessary or sufficient condition to the finding of a deprivation of the right to a speedy trial," it also said that those factors "must be considered together with such other circumstances as may be relevant." Id. at 533, 92 S.Ct. 2182, 33 L.Ed.2d 101. This "balancing test" will now be applied to the case at bar.

{¶ 13} Both appellant and appellee agree that the extreme delay in this case was presumptively prejudicial and triggers weighing the rest of the *Barker* factors.

■ {¶ 14} Appellant asserts that the reason for the extreme delay is appellee's avoidance of the prosecution, and therefore, the state claims that the period of limitation should be tolled under R.C. 2901.13(G). In conjunction with this argument, appellant claims it endeavored to do all it could under the circumstances to bring appellee to trial. We do not agree.

{¶ 15} In this case, appellee's actions of leaving Ohio do not show that he was seeking to avoid prosecution. Rather, he returned home to Michigan, where Erie County officials knew he was from, and he lived under his own name. While he was in Michigan, the state had an opportunity to secure a Governor's Warrant when appellee refused to waive extradition on December 12, 1993. The Michigan trial court set the date for appellee's extradition hearing 104 days after his arrest. The state failed to secure a Governor's Warrant within that time, which was also after the 90–day statutory period permitted to hold appellee. Because of appellant's inability to secure a timely Governor's Warrant, the Michigan court freed appellee and dismissed the cause with prejudice. The state subsequently served the Governor's Warrant over 11 months after appellee's initial court appearance.

■ {¶ 16} In addition to not securing a timely Governor's Warrant, the state could have attempted to bring appellee to Ohio by the procedures enumerated in R.C. 2963.30. Furthermore, while the state maintains that it requested a holder for appellee, no holder showed when he was released from prison, and placing a holder alone is not sufficient to constitute reasonable diligence. *State v. Koester*, 3d Dist. Nos. 16–03–07, and 16–03–08, 2003-Ohio-6098, 2003 WL 22700734, ¶ 20, citing *State v. Bailey* (2000), 141 Ohio App.3d 144, 149, 750 N.E.2d 603.

{¶ 17} Once appellee had been released from prison, the state could have taken affirmative action to bring him to trial because he resided at the same address under his own legal name. Yet all pursuit of appellee ceased until he was pulled over for a traffic violation ten years after his release. The United States Supreme Court stated in *Dickey v. Florida* (1970), 398 U.S. 30, 51–52, 90 S.Ct. 1564, 26 L.Ed.2d 26:

■ {¶ 18} "A negligent failure by the government to ensure speedy trial is virtually as damaging to the interests protected by the right as an intentional failure; when negligence is the cause, the only interest necessarily unaffected is our common concern to prevent deliberate misuse of the criminal process by public officials."

{¶ 19} Therefore, appellant cannot justify its negligence in not actively pursuing appellee by the fact that appellee returned home to Michigan.

■ {¶ 20} When it comes to appellee's assertion of his right to a speedy trial, the court must "indulge every reasonable presumption against waiver of fundamental constitutional rights and * * * not presume acquiescence in the loss of fundamental rights." *Johnson v. Zerbst* (1938), 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461, citing *Aetna Ins. Co. v. Kennedy* (1937), 301 U.S. 389, 393, 57 S.Ct. 809, 81 L.Ed. 1177; *Hodges v. Easton* (1882), 106 U.S. 408, 412, 1 S.Ct. 307, 27 L.Ed. 169; and *Ohio Bell Tel. Co. v. Pub. Utilities Comm.* (1937), 301 U.S. 292, 307, 57 S.Ct. 724, 81 L.Ed. 1093. *Johnson* held that when the issue concerning waiver of a constitutional right is raised, the court is required to examine the particular facts and circumstances of the case, including the background, experience, and conduct of the defendant. Id. at 464, 58 S.Ct. 1019, 82 L.Ed. 1461. The test is whether there is "an intentional relinquishment or abandonment of a known right or privilege." Id.

■ {¶ 21} Appellee has no duty to bring himself to trial. *Barker*, 407 U.S. at 527, 92 S.Ct. 2182, 33 L.Ed.2d 101. This court stated in *State v. Lopez* (June 9, 1989), 6th Dist. No. L–88–161, 1989 WL 61685, that "the law is clear and unambiguous that the State has an affirmative duty to insure the rights to speedy trial. Further the record in the case at bar does not reveal that the defendant affirmatively waived his right to speedy trial." In this case, the record supports

that appellee may not have even known these charges were still pending against him 14 years after they were initiated. At first, he was freed because the state did not secure a timely Governor's Warrant, and that cause was dismissed with prejudice. Then later, when he was released from prison, no holds or warrants showed on his record. As in *Lopez*, in this case, the record is without any evidence that appellee affirmatively waived his constitutional right to a speedy trial, but it does show that appellee asserted his right when he moved to dismiss the charges alleging a speedy trial violation. Therefore, we find no waiver.

{¶ 22} Prejudice to a defendant "may fairly be presumed simply because everyone knows that memories fade, evidence is lost, and the burden of anxiety upon any criminal defendant increases with the passing months and years." *United States v. Mann* (S.D.N.Y.1968), 291 F.Supp. 268, 271. See *Dickey*, 398 U.S. at 42, 90 S.Ct. 1564, 26 L.Ed.2d 26.

{¶ 23} Although appellant cites *State v. Miller*, 6th Dist. No. H–07–015, 2008-Ohio-379, 2008 WL 307687, this case is distinguishable. Unlike in *Miller*, in this case, following appellee's indictment, appellee did not leave Ohio to go west to escape prosecution, occasionally living with his girlfriend and living homeless for a time, frustrating any possibility of prosecuting him. Id. at ¶ 9. Rather, appellee went to Michigan, where appellant knew he resided. He lived at the same address before and after his release from prison and maintained a normal life. At no time while he was on community sanction, or after he had completed it, did the state attempt to locate appellee. Had appellee not been pulled over for a traffic citation, he still would have been living in Michigan with his family under his own name.

{¶ 24} The state has an "affirmative constitutional obligation to 'try a defendant in a timely fashion.'" *Dickey*, 398 U.S. at 38, 90 S.Ct. 1564, 26 L.Ed.2d 26. This duty is not met unless "a diligent good faith effort" has been made to try the defendant promptly. *Moore v. Arizona* (1973), 414 U.S. 25, 26, 94 S.Ct. 188, 38 L.Ed.2d 183, citing *Smith v. Hooey* (1969), 393 U.S. 374, 383, 89 S.Ct. 575, 21 L.Ed.2d 607. In this case, the state failed to bring appellee to trial for over 14 years. Although the state showed reasonable diligence and a good-faith effort to secure and prosecute appellee until approximately June 1996, that effort ended over 11 years ago. "Speedy trial time is tolled only for as long as the defendant is unavailable and the prosecution can show reasonable diligence was exercised to secure his availability." *State v. Koester*, 3d Dist. Nos. 16–03–07 and 16–03–08, 2003-Ohio-6098, 2003 WL 22700734, ¶ 14. The inaction by appellant is not the diligence necessary to toll speedy trial time.

{¶ 25} The remedy for a violation of a defendant's speedy trial rights is the dismissal of the charge. The court in *Barker*, 407 U.S. at 522, 92 S.Ct. 2182, 33 L.Ed.2d 101, stated:

{¶ 26} "[T]his is indeed a serious consequence because it means that a defendant who may be guilty of a serious crime will go free, without having been tried. Such a remedy is more serious than an exclusionary rule or a reversal for a trial, but it is the only possible remedy."

{¶ 27} After reviewing the evidence, this court finds that the trial court properly granted appellee's motion to dismiss because the prosecution of appellee would violate his right to a speedy trial. For the foregoing reasons, appellant's single assignment of error is not well taken.

{¶ 28} On consideration whereof, the judgment of the Erie County Court of Common Pleas is affirmed.

Judgment affirmed.

PIETRYKOWSKI, P.J., and SKOW, J., concur.