[Cite as *State v. Scahel*, 2016-Ohio-18.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102557**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# MARK SCAHEL

DEFENDANT-APPELLANT

## JUDGMENT:
REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-05-463690-A and CR-08-517978-A

**BEFORE:** Keough, P.J., McCormack, J., and Stewart, J.

**RELEASED AND JOURNALIZED:** January 7, 2016

**ATTORNEY FOR APPELLANT**

Michael J. O'Shea
O'Shea & Associates Co., L.P.A.
19300 Detroit Road, Suite 202
Rocky River, Ohio 44116

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Justine Dionisopoulos
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, P.J.:

{¶1} Defendant-appellant, Mark Scahel, appeals the trial court's decision denying his motion to dismiss. For the reasons that follow, we reverse and remand the matter to the trial court to issue an order vacating Scahel's convictions and dismissing the cases with prejudice.

{¶2} In March 2005, Scahel was charged in Cuyahoga C.P. No. CR-05-463690 with four counts of criminal nonsupport in violation of R.C. 2929.19. Notice of the indictment was sent to Scahel on March 25, 2005, by certified mail to an address in Brunswick, Ohio. The certified mail was returned to the court as "unclaimed." When Scahel did not appear for arraignment on April 5, 2005, a capias was issued, and a letter of apprehension was sent to the Medina County Sheriff's Office. On September 28, 2007, a letter of apprehension was subsequently sent to the King County Sheriff's Office in Seattle, Washington, notifying the department that an arrest warrant for Scahel existed out of Cuyahoga County, Ohio and that the state of Ohio would extradite Scahel if he was arrested in their jurisdiction.

{¶3} In November 2008, Scahel was charged in Cuyahoga C.P. No. CR-08-517978 with two counts of criminal nonsupport in violation of R.C. 2929.19. Notice of the indictment was sent to Scahel on November 25, 2008, by certified mail to an address in Seattle, Washington. The certified mail was returned to the court as "unclaimed." When Scahel did not appear for arraignment, a capias was issued.

{¶4} On August 18, 2011, Scahel was arrested in the state of Washington as a "fugitive from justice" based on the Ohio warrant issued under CR-08-517978. On August 19, 2011, Scahel appeared before the Kitsap County District Court in Washington, where he refused to waive extradition to the state of Ohio; bail was set at $20,000, which he posted on August 20. Scahel appeared before the Washington court on the fugitive from justice charge three times — September 19, October 17, and November 14. On November 18, the state of Washington dismissed the charge against Scahel.

{¶5} On October 9, 2012, Scahel was located in Klamath County, Oregon. Despite only being told that the Klamath County law enforcement was "out with the subject," the Cuyahoga County Sheriff's Department sent a letter of detainer to the authorities in Klamath County. Later it was discovered that Scahel was in fact arrested on October 9. No further action was taken by the state of Ohio in connection with Scahel's interaction with the authorities in Oregon.

{¶6} In April 2013, the capiases issued in the underlying cases were recalled when Scahel voluntarily turned himself in to authorities in Cuyahoga County. He subsequently moved to dismiss these cases against him, alleging that the state violated his right to a speedy trial in violation of R.C. 2945.71. Specifically, Scahel contended that when he was arrested in the state of Washington in 2011 and then again in the state of Oregon in 2012, the state of Ohio failed to extradite him to answer to these felony charges even though the state had notice of his apprehension in both of those states.

**{¶7}** Following an evidentiary hearing, the trial court issued a written decision concluding that Scahel's right to a speedy trial had not been violated. Scahel appealed. *See State v. Scahel*, 8th Dist. Cuyahoga No. 100705, 2014-Ohio-3042 ("*Scahel I*"). On appeal, this court found that Scahel's motion to dismiss was based on statutory grounds, but the trial court denied his motion on constitutional speedy trial grounds. *Id*. at ¶ 5-7. Therefore, this court reversed the trial court and remanded the matter for the trial court to consider Scahel's statutory speedy trial arguments. *Id*.

**{¶8}** On remand, the trial court issued another written decision. Although the court acknowledged the instructions given by this court in *Scahel I*, it again conducted a constitutional speedy trial analysis and denied Scahel's motion, finding no speedy trial violation.

**{¶9}** Scahel now appeals the trial court's decision, contending that the trial court erred in denying his motion to dismiss for violation of his right to a speedy trial. While we note that the trial court again conducted only a constitutional analysis, the state conceded at oral argument that Scahel satisfied his burden of showing that more than 270 days elapsed between arrest and trial but asserted that various tolling provisions apply that extend this time. With this concession, we will review Scahel's assigned error.

**{¶10}** Whether a trial court's ruling on a speedy trial question was correct presents a mixed question of law and fact. *State v. Borrero*, 8th Dist. Cuyahoga No. 82595, 2004-Ohio-4488, ¶ 10, citing *State v. Barnette*, 12th Dist. Fayette No. CA2002-06-011, 2003-Ohio-2014. Appellate courts apply a de novo standard of review to the legal issues

but afford great deference to any findings of fact made by the trial court, if supported by competent and credible evidence. *State v. Barnes*, 8th Dist. Cuyahoga No. 90847, 2008-Ohio-5472, ¶ 17. This court must construe the statutes strictly against the state when reviewing the legal issues in a speedy trial claim. *Brecksville v. Cook*, 75 Ohio St.3d 53, 57, 661 N.E.2d 706 (1996). Moreover, in analyzing the procedural timeline record of the case, this court is required to strictly construe any ambiguity in the record in favor of the accused. *State v. Johnson*, 8th Dist. Cuyahoga Nos. 78097, 78098, and 78099, 2001 Ohio App. LEXIS 999, *6 (Mar. 8, 2001).

**{¶11}** R.C. 2945.71 requires the state to bring a felony defendant to trial within 270 days of arrest. If a defendant is not brought to trial within the speedy trial limits, the court, upon motion, must discharge the defendant. R.C. 2945.73(B). A defendant establishes a prima facie case for discharge based on a speedy trial violation when he or she demonstrates that more than 270 days elapsed before trial. *See State v. Butcher*, 27 Ohio St.3d 28, 500 N.E.2d 1368 (1986). The burden then shifts to the state to show that the tolling provisions of R.C. 2945.72 extended the speedy trial time limit. *Cook* at 55-56.

**{¶12}** Despite the concession made at oral argument that Scahel satisfied his burden of proving that more than 270 days elapsed for speedy trial purposes, the state contends in its appellate brief that the speedy trial clock did not begin until Scahel turned himself in to the Cuyahoga County authorities in April 2013. In support, the state cites this court's decision in *State v. Hill*, 8th Dist. Cuyahoga No. 40429, 1980 Ohio App.

LEXIS 11371 (Apr. 3, 1980). In that case, Hill was indicted on April 21, 1975, and went capias four days later. Subsequent to the indictment, Hill moved from Ohio and a detainer was sent to New Jersey in October 1976. After Hill was arrested in New Jersey in October 1976 on the outstanding Ohio warrant, the extradition proceedings were continued three times because Ohio authorities failed to appear in New Jersey to bring Hill back to Ohio. After the case in New Jersey was dismissed for failure to prosecute, Hill was arrested in September 1978 in Ohio on the outstanding warrant. Hill moved to dismiss the case, contending that because the state failed to exercise diligence in securing his availability for trial when he was in the custody of New Jersey authorities, the state of Ohio violated his right to a speedy trial and he should be discharged.

{¶13} This court disagreed with Hill. Emphasizing that he moved from Ohio subsequent to the indictments against him, this court found that any delay in bringing Hill to trial was attributable to his own actions. *Id*. at *7-8 ("However, it is important to note that it was appellant who removed himself from this jurisdiction and made himself unavailable after the indictments were returned against him."). The court determined, therefore, that the speedy trial clock began when he was arrested in Ohio in 1978.

{¶14} This case is distinguishable from *Hill*. In this case, it is unknown when Scahel moved from the state of Ohio to the state of Washington. The certified mail sent to Scahel at an Ohio address after the 2005 indictment was returned unclaimed. Furthermore, Scahel was served notice of the 2007 indictment at a Washington address; therefore, he did not relocate after indictment — he was already living outside the state of

Ohio. There is nothing in the record, nor has the state identified any evidence in the record, for us to conclude that Scahel had any knowledge of the indictments prior to his arrest in Washington.

{¶15} The trial court found that the speedy trial clock began on August 18, 2011, the day that Scahel was arrested in Kitsap County, Washington on Cuyahoga County's outstanding felony warrant — "The question then becomes whether the time from August 18, 2011 until Scahel's return to Ohio on or about April [4], 2013 caused a violation of his speedy trial rights." (Trial court Revised Opinion on Remand, January 6, 2015). The trial court's finding is supported by competent and credible evidence.

{¶16} Our review of the record shows that the state of Ohio initiated Scahel's arrest in Washington by virtue of the Ohio arrest warrants issued in 2005 and 2008. Therefore, the state of Ohio had 270 days to bring Scahel to trial from the date of his arrest on April 18, 2011 in Washington. *See State v. Boso*, 4th Dist. Washington No. 95CA10, 1996 Ohio App. LEXIS 4215, *13 (Sept. 11, 1996) (the statutory requirements of R.C. 2945.71 apply beginning from the time the appellant was arrested in West Virginia at the request of Ohio authorities).

{¶17} Because the speedy trial clock began on August 18, 2011, over 270 days had elapsed between his arrest in Washington and the time the motion to dismiss was filed in 2013; Scahel therefore established a prima facie case of a speedy trial violation. Again, the state concedes that if we determine that the arrest in Washington starts the speedy trial

clock, the time has run and Scahel has satisfied his burden of demonstrating that more than 270 days had passed. The burden now shifts to the state.

{¶18} Under R.C. 2945.72, the time within which an accused must be brought to trial is extended for various reasons, including

> [a]ny period during which the accused is unavailable for hearing or trial, by reason of other criminal proceedings against him, within or outside the state, by reason of his confinement in another state, or by reason of the pendency of extradition proceedings, *provided that the prosecution exercises reasonable diligence to secure his availability.* (Emphasis added.)

R.C. 2945.72(A). *See, e.g., State v. Sanchez,* 110 Ohio St.3d 274, 2006-Ohio-4478, 853 N.E.2d 283; *State v. Pirkel,* 8th Dist. Cuyahoga No. 93305, 2010-Ohio-1858; *State v. Byrd,* 8th Dist. Cuyahoga No. 91433, 2009-Ohio-3283.

{¶19} Because Scahel did not waive extradition, the time would have been tolled under the express conditions of R.C. 2945.72(A). However, the time is tolled only if the state exercised reasonable diligence in securing Scahel's availability. The state contends it satisfied its obligations under the law.

{¶20} Whether the state exercised reasonable diligence in securing Scahel's availability is based on the circumstances of the case and the actions taken by the state. In *State v. Major,* 180 Ohio App.3d 29, 2008-Ohio-6534, 903 N.E.2d 1272 (6th Dist.), the Sixth District held that the state did not exercise reasonable diligence in securing the defendant's availability despite the defendant's refusal to waive extradition. The court ruled that the evidence showed that the defendant did not leave Ohio to evade prosecution, and the state failed to timely secure a governor's warrant. The court held

that this "inaction by [the state] is not the diligence necessary to toll speedy trial time."

*Id.* at ¶ 24.

{¶21} In this case, much like in *Major*, there is no evidence that Scahel left the state of Ohio to evade prosecution, but there is evidence that the state failed to timely secure a governor's warrant.

{¶22} The states of Ohio, Washington, and Oregon have adopted the Uniform Criminal Extradition Act ("Act"). *See* R.C. 2963.01 et seq. (Ohio), RCW 10.88 et seq. (Washington), and ORS 133.743 et seq. (Oregon). Pursuant to the Act, extradition is an official action between the executive authorities of two states. *See* R.C. 2963.02; *Boso*, 4th Dist. Washington No. 95CA10, 1996 Ohio App. LEXIS 4215. The Act also makes a separate provision for the arrest of a fugitive from justice upon the filing of a complaint before the judge in the state where the fugitive is located. *See* R.C. 2963.11.

{¶23} In *Boso*, the Fourth District succinctly set forth the procedure when a foreign state arrests an individual:

> Basically, the statutes provide that when a complaint is made before a judge in a foreign state, stating that a crime has been committed in another state and that the accused has fled, the judge shall issue a warrant for the apprehension and delivery of the accused. *Id.* When the accused is brought before the foreign court, if it appears the accused is the person charged and that he has fled from justice, the judge must by warrant, commit the accused to jail for such a period of time not to exceed thirty days as will enable formal extradition proceedings to occur. However, the accused is entitled to furnish bail unless the underlying offense is punishable by death or life imprisonment under the law of the state where committed. *See* R.C. 2963.13 and 2963.14. In releasing the accused upon a bond pending preparation of a governor's warrant for extradition, the court must specify a time for the accused's appearance and surrender. *Id.* If the accused is not arrested under a governor's warrant within the time

specified above, the judge may discharge the accused or recommit the accused for a period not to exceed sixty days or again, place the accused on bail after setting a new date for surrender and appearance. *See* R.C. 2963.15. Thus, a state has ninety days to process an extradition request after causing an accused to be arrested on a fugitive warrant.

*Id*. at \*11-12. *See also* RCW 10.88 et seq. This is the procedure that was followed when Scahel was arrested in the state of Washington.

{¶24} The state of Ohio knew that Scahel had refused to waive extradition the day after his arrest, yet it waited a week to issue a detainer requesting that he be held without bond pending extradition. Furthermore, the governor's warrant application was not prepared by the state of Ohio until two or three weeks after Scahel refused to waive extradition. There is no documentary evidence in the record of the governor's warrant application. Furthermore, there was no evidence or testimony presented as to when the actual governor's warrant was issued or whether the state of Washington received the warrant. The trial court found, and we agree, that it is unclear whether a governor's warrant was ever issued by the Ohio Governor, or if it was, whether it was ever received by the appropriate authorities in Washington while they were still exercising control over Scahel. As the trial court pointed out, "it is doubtful that the authorities received any notification since Scahel's Fugitive from Justice charges in Washington were dismissed by the Kitsap County District Court on November 18, 2011."

{¶25} While the initial efforts of the prosecution constituted reasonable diligence, the state did nothing after it applied for the governor's warrant to secure Scahel. It has a duty to follow-up with this application; the state cannot sit idly by without continuing

with its obligation and responsibility to secure a defendant's availability once it is put on notice that a defendant is being held in a foreign state awaiting extradition. Moreover, after receiving notice that the state of Oregon had apprehended Scahel on October 9, 2012, the state again did not do any sort of follow-up or investigation after it sent the detainer on that same day.

{¶26} The state places much emphasis on the fact that Ohio was not informed of Scahel's court dates in Washington and that there was no guarantee that he would appear at those court dates. It was not the duty of the state of Washington, however, to repeatedly contact the state of Ohio — it is Ohio's duty and responsibility to bring Scahel to trial within 270 days of his arrest. The evidence presented showed that a court date was scheduled for Scahel's return on September 19, 2011; this information was available when the state learned that Scahel posted bond. However, the testimony revealed that no one from the state of Ohio contacted Kitsap County to verify when Scahel was scheduled to appear in court. More importantly, the state of Ohio did not appear at this hearing, or any subsequent hearing, to apprehend Scahel.

{¶27} Although there was no guarantee Scahel would appear for his court dates after posting bond, this did not absolve the state of Ohio from its obligations under the law. A perfunctory telephone call would have revealed that Scahel was appearing for his scheduled court hearings in Washington. While the state of Ohio through its county prosecutor's office may have followed its procedures in applying for a governor's

warrant, it did not continue with its obligation to ensure that the warrant was issued or that the state of Washington received the warrant.

{¶28} Construing the statutes strictly against the state, we find that the speedy trial time began when Scahel was arrested in Washington and because the state did not exercise reasonable diligence in securing him, the time was not tolled. Scahel's right to a speedy trial was violated in these cases.

{¶29} Accordingly, Scahel's assignment of error is sustained; the decision of the trial court is reversed. The cases are remanded to the trial court to issue an order vacating Scahel's convictions and dismissing the cases with prejudice.

{¶30} Judgement reversed and remanded with instructions.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, PRESIDING JUDGE

TIM McCORMACK, J., and
MELODY J. STEWART, J., CONCUR