OPINION *Page 2 
{¶ 1} Plaintiff Richard W. Smith appeals a summary judgment of the Court of Common Pleas of Perry County, entered in favor of defendants Jason Dodson, TMC Transportation, Inc. and Annett Holdings, Inc. Appellant assigns a single error to the trial court:
 {¶ 2} "I. THE COMMON PLEAS COURT OF PERRY COUNTY, OHIO, COMMITTED ERROR WHEN IT GRANTED A MOTION FOR SUMMARY JUDGMENT IN FAVOR OF THE NEGLIGENT TORTFEASORS, JASON DODSON, TMC TRANSPORTATION, INC., AND ANNETT HOLDINGS, INC."
 {¶ 3} Appellant has failed to comply with Loc. App. R. 9 (A) regarding appeals from summary judgments. The Rule requires whenever a summary judgment is appealed, the appellant must declare whether the claim is the judgment is inappropriate as a matter of law on the undisputed facts, or a genuine dispute exists as to a material fact or facts. The appellant must state the specific fact issues he claims to be material and in genuine dispute. Appellant's reply brief argues there are numerous facts presenting genuine material issues.
 {¶ 4} Civ. R. 56 (C) states in pertinent part:
 {¶ 5} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from *Page 3 
the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."
 {¶ 6} A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts,Houndshell v. American States Insurance Company (1981),67 Ohio St. 2d 427. The court may not resolve ambiguities in the evidence presented,Inland Refuse Transfer Company v. Browning-Ferris Industries of Ohio,Inc. (1984), 15 Ohio St. 3d 321. A fact is material if it affects the outcome of the case under the applicable substantive law, Russell v.Interim Personnel, Inc. (1999), 135 Ohio App. 3d 301.
 {¶ 7} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court, Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St. 3d 35. This means we review the matter de novo, Doe v. Shaffer, 90 Ohio St.3d 388,2000-Ohio-186.
 {¶ 8} The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the non-moving party's claim,Drescher v. Burt (1996), 75 Ohio St. 3d 280. Once the moving party meets its initial burden, the burden shifts to the non-moving party to set *Page 4 
forth specific facts demonstrating a genuine issue of material fact does exist, Id. The non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary material showing a genuine dispute over material facts, Henkle v.Henkle (1991), 75 Ohio App. 3d 732.
 {¶ 9} The record indicates appellant had just disembarked from the cab of a tractor-trailer driven by appellee Dodson during the course of his employment with the appellees TMC and Annett Holdings. As appellant crossed the road on foot, he was struck and seriously injured by a Chevrolet Silverado pickup truck driven by Edward P. Dalrymple, who had overtaken the semi and was attempting to pass it. Dalrymple is the appellee in a separate appeal, 06-CA-23.
 {¶ 10} The accident took place around 6:00 a.m. on November 8, 2003. Appellee Dodson was the supervisor assigned to train appellant to drive for appellee TMC. Appellant had been in training for six weeks prior to the accident, and in fact, November 8th was his last day of training. Earlier in the trip appellant had been driving. Appellant could not recall how long he had driven, but in his deposition, Dodson testified appellant began driving after the two "tarped" the truck around 7:00 p.m. on the previous day. Dodson stated appellant drove until approximately 2:00 a.m. The parties then did an inspection on the truck, and Dodson then took the wheel. Dodson depo. at 37-38.
 {¶ 11} The parties were headed for the place they normally parked the tractor-trailer, one-half to three-quarters of a mile past Dodson's residence. Appellant had left his vehicle at Dodson's house. He planned to go on to Pittsburgh, Pennsylvania and then report for work in Des Moines, Iowa the following day. In his deposition appellant testified he recalled discussing how late it would be when they arrived. Dodson usually *Page 5 
called his mother or wife to pick him up after he parked the semi. Appellant's reply brief disputes whether it was appellant's suggestion to stop on Route 13 and drop him off, but in his deposition, appellant testified it was his suggestion that rather than waking Dodson's wife and kids up so early in the morning, if Dodson dropped him off at the residence on the way to park the truck, appellant could pick up his vehicle and then drive down to the parking area and get Dodson. Smith depo. at 21. Dodson testified he stopped the semi as a favor to appellant, to save him time for the weekend, Dodson depo. at 87. He did not recall that he had brought the subject up, Dodson depo. at 42.
 {¶ 12} Appellant was unable to recall the accident. However, Dodson testified they came up on the intersection, heading south. His home was on the left side of the road. Dodson turned on his flashers, geared down, and stopped the truck. Appellant argues Dodson, as supervisor and driver of the rig, made the decision where to stop and thus directed where and how appellant would cross the road. Dodson testified he stopped the semi in the middle of a straight stretch of road, Dodson depo. at 46
 {¶ 13} Appellant argues Dodson told Smith it was safe to cross the road. Dodson testified he said "you can go ahead and get out of the truck." At that point "He got out of the truck, walked to the front of the truck. As soon as — no sooner than he stepped out from the front of the truck, he got hit." Dodson depo. at 45-46. Dodson estimated appellant had taken only two steps before Dalrymple's vehicle struck him, Dodson depo. at 57. Dodson testified he would normally have told appellant there was nothing coming but did not recall whether he said so that day, Dodson depo. at 64. Dodson did not recall telling appellant there was nothing coming, Dodson depo. at 51. Dodson did not see Dalrymple's lights when he stopped, but only after appellant was out of sight in front *Page 6 
of the semi, Dodson depo. at 45. Dodson would not have stopped if he had seen traffic, Dodson depo. at 72
 {¶ 14} Dodson could not see appellant as he came around the front of the truck because of the height of the hood. Dodson told the investigating officers appellant was walking in front of the vehicle. In his deposition, he admitted he did not know whether appellant was running or walking because he only saw him for "half a second before he got hit." Dodson depo. at 58. Dodson testified the whole incident took place in a span of between three and ten seconds between the time appellant got out of the truck and when he was struck by Dalrymple's vehicle, Dodson depo. at 67.
 {¶ 15} Dodson testified he first saw Dalrymple's pickup after appellant was out of his line of sight in front of the truck, Id. Dodson testified he had estimated Dalrymple's speed at the time he struck appellant to be about 40 m.p.h., although Dalrymple had slowed down when he came up behind the semi and sped up as he passed. Dodson testified it happened so quickly he was unable to react or warn appellant or Dalrymple, Dodson depo. at 50. He had not even had time to set the brake, Id.
 {¶ 16} In his deposition Dalrymple stated he passed the semi only 30 seconds or so after it stopped and appellant ran or darted out from in front of the semi. Dalrymple depo. at 49.
 {¶ 17} Appellant also argues Dodson knew the rig would block appellant's view of any possible southbound traffic, but we find this fact would be readily apparent to appellant as well. Appellant asserts there is no evidence indicting he did not look right or left before stepping out from the truck, because neither Dodson nor Dalrymple could see him when he was in front of the semi, and appellant himself could not recall the *Page 7 
accident. Dodson testified he saw appellant a split second before he was struck. Dodson did not observe appellant look in either direction, but saw him put his hands in front of his face, Dodson depo. at 63. The height of the semi was such that appellant would not be visible until he was two to three feet away from the vehicle, Dodson depo. at 79.
 {¶ 18} Even if Dodson told appellant there was nothing coming before he got out of the semi, appellant had a duty to look for himself and make sure it was still safe before stepping out onto the roadway, see R.C. 4511.48.
 {¶ 19} Appellant argues Dodson violated R.C. 4511.66, which provides:
 {¶ 20} "(A) Upon any highway outside a business or residence district, no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main traveled part of the highway if it is practicable to stop, park, or so leave such vehicle off the paved or main traveled part of said highway. In every event a clear and unobstructed portion of the highway opposite such standing vehicle shall be left for the free passage of other vehicles, and a clear view of such stopped vehicle shall be available from a distance of two hundred feet in each direction upon such highway. This section does not apply to the driver of any vehicle which is disabled while on the paved or improved or main traveled portion of a highway in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving the disabled vehicle in such position. * * *"
 {¶ 21} R.C. 4511.66 is a highway safety statute and does not absolutely prohibit leaving a vehicle on the traveled portion of a road. The statute provides exceptions if it is impractical or impossible to comply, Smiddy, supra, 38. *Page 8 
 {¶ 22} Appellant argues Dodson violated R.C. 4511.66 because it was not practical to stop on the highway, but rather, he could have driven to where he ordinarily parked the truck. The only evidence in the record indicates the parties mutually agreed to stop before they got to the parking area. Dodson testified he stopped on the roadway because the shoulder was too soft to pull off the road, Dodson depo. at 74. Further, both Dodson and Dalrymple testified the semi was visible for over 200 feet in either direction, Dodson deposition, pages 77, 78, Dalrymple deposition at 59.
 {¶ 23} Dodson also argues even if he was negligent in violating R.C.4511.66, his negligence was not a proximate cause of the accident.
 {¶ 24} R.C.4511.46 provides no pedestrian shall leave a curb or other place of safety and walk or run into the path of a vehicle which is so close as to constitute an immediate hazard. The only evidence in the record shows the position of Dodson's vehicle, whether on the highway or on the shoulder of the road, would not have made a difference in the accident. In either situation, appellant would have been struck if he stepped out into the path of Dalrymple's vehicle. We conclude even if Dodson was negligent, his negligence was not the proximate cause of the accident. See, e.g., Hemmelgarn v. Vagedes, Mercer App. No. 10-04-14,2005-Ohio-673.
 {¶ 25} We find the trial court did not err in granting summary judgment in favor of Dodson. Accordingly, the assignment of error is overruled. *Page 9 
 {¶ 26} For the foregoing reasons, the judgment of the Court of Common Pleas of Perry County, Ohio, is affirmed.
 Gwin, P.J., Wise, J., and Delaney, J., concur. *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Perry County, Ohio, is affirmed. Costs to appellant. *Page 1