[Cite as *State v. Hayman*, 2010-Ohio-1264.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### SENECA COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,               CASE NO.  13-09-22

    v.

JONATHAN K. HAYMAN,            O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Seneca County Common Pleas Court
Trial Court No. 07-CR-0244

Judgment Reversed and Cause Remanded

Date of Decision:    March 29, 2010

APPEARANCES:

    *James W. Fruth*  for Appellant

    *Gregory A. Tapocsi*  for Appellee

**WILLAMOWSKI, P.J.,**

{¶1} Defendant-Appellant, Jonathan K. Hayman, ("Hayman") appeals the judgment of the Seneca County Court of Common Pleas, finding him guilty of the illegal cultivation of marihuana. Hayman argues that the State violated his right to a speedy trial and that he was denied the effective assistance of counsel. For the reasons set forth below, the judgment is reversed.

{¶2} On September 5, 2007, a suspected marihuana plot was discovered on Hayman's property. Authorities obtained a search warrant and discovered more marihuana plants, cultivation lights, journals, and additional materials relating to marihuana cultivation inside Hayman's home.

{¶3} Hayman was arrested that same day and charged with possession of marihuana in violation of R.C. 2925.11(A),(C)(3)(c), a felony of the fifth degree. He was held in the Seneca County Jail for twenty-eight days prior to a preliminary hearing, when the case was bound over to the Seneca County Court of Common Pleas. The court granted an own recognizance bond and released Hayman on October 3, 2007.

{¶4} On November 15, 2007, the Grand Jury of Seneca County indicted Hayman on one count of illegal cultivation of marihuana in violation of R.C. 2925.04(A),(C)(5)(e), a felony of the third degree. A Summons Upon Indictment was issued, ordering Hayman to appear for arraignment on November 27, 2007.

Lt. Thomas Reinhart of the Seneca County Sheriff's Office unsuccessfully attempted personal service at Hayman's home address on at least four different occasions between November 18th and November 28th, and then he filed a failure of service notice. The State filed a request for a Warrant Upon Indictment to be issued and also filed a motion to toll speedy trial time. The warrant was issued on December 7, 2007, and the trial court issued an order tolling the speedy trial time on December 10, 2007. However, the order was not served on Hayman, who was unrepresented at the time, and no one tried to serve or execute the warrant. There was no attempt to revoke his bond or in any way inform Hayman of the pending action.

{¶5} Hayman was eventually arrested following a traffic stop in Marion County on March 26, 2008, and was held in custody until March 31, 2008, when he was again released on an own recognizance bond. He appeared for his arraignment on April 8, 2008, and entered a not guilty plea. On May 19, 2008, Hayman filed a Motion for Competency Evaluation and other motions. The filing of these motions tolled the speedy trial time pursuant to R.C. 2945.72(B) and (E).

{¶6} Hayman subsequently filed a Motion for Dismissal based upon an alleged violation of his right to a speedy trial. After a hearing on the matter, the trial court denied the motion to dismiss in an order dated July 29, 2008. The case

was set for trial, but Hayman later entered a plea of no contest and was found guilty.

{¶7} The trial court held a sentencing hearing on April 9, 2009, and sentenced Hayman to three years of community control, thirty-five days in the Seneca County Jail (with credit for thirty-five days already served), one hundred eighty days in the Seneca county Jail (to be scheduled at the sole discretion of the Adult Parole Authority), random drug testing, and payment of court costs. It is from this judgment that Hayman appeals,[1] presenting the following two assignments of error for our review.

### First Assignment of Error

**The trial court erred in overruling [Hayman's] motion to dismiss for violation of his statutory speedy trial rights.**

### Second Assignment of Error

**[Hayman] was denied the effective assistance of counsel due to the errors and omissions of his trial counsel.**

{¶8} In his first assignment of error, Hayman argues that his conviction should be dismissed because the State violated his rights to a speedy trial. According to Hayman's calculations, 323 days elapsed between the date of his arrest and the date of his motions which eventually tolled the time period. The

---

[1] Hayman's first attorney failed to file a notice of appeal. A second attorney was appointed, and this Court granted Hayman's motion for leave to file a delayed appeal.

State maintains that the time requirements for a speedy trial were properly tolled earlier, and only 148 days elapsed before Hayman's tolling motions.

{¶9} Both the United States and Ohio Constitutions guarantee a criminal defendant the right to a speedy trial. *State v. Baker* (1997), 78 Ohio St.3d 108, 110, 1997-Ohio-229, 676 N.E.2d 883. Additionally, R.C. 2945.71 through 2945.73 provide specific time requirements in which the state must bring an accused to trial. The Ohio speedy-trial statute is mandatory and must be construed strictly against the state. *State v. Steinke*, 158 Ohio App.3d 241, 2004-Ohio-1201, 814 N.E.2d 1230, ¶ 5. R.C. 2945.71(C)(2) provides that a person against whom a felony charge is pending must be brought to trial within 270 days from the date of arrest, not including the date of his arrest. *State v. Masters,* 172 Ohio App.3d. 666, 670, 2007-Ohio-4229, 876 N.E.2d 1007, ¶9. When an accused is held in jail in lieu of bail on the pending charge, each day is counted as three days. Id.; R.C. 2945.71(E).

{¶10} An appellate court's review of speedy trial issues involves a mixed question of law and fact. (Citations omitted.) *Masters*, 2007-Ohio-4429, at ¶11. "A reviewing court must give due deference to the trial court's findings of facts if they are supported by competent credible evidence, but will independently review whether the trial court correctly applied the law to the facts of the case." Id.

**{¶11}** The parties agree and stipulate to the following 148 days applicable toward the speedy trial time computations that fell between Hayman's arrest and his motion for competency:

| Dates | Event | Days Credit |
|---|---|---|
| 09-05-07 – 10-03-07 | **Arrest until release on O.R. bond** | 28 x 3 = 84 |
| 03-26-08 – 03-31-08 | **Arrest until release on O.R. bond** | 5 x 3 = 15 |
| 04-01-08 – 04-08-08 | **Bond hearing until arraignment** | 8 |
| 04-09-08 – 05-19-08 | **Arraignment until motion for competency filed by Hayman, tolling the time[2]** | 41 |
| | | **Subtotal = 148 days** |

At issue is the 175 days that elapsed between Hayman's October 4, 2007 release from jail and his eventual arrest on March 26, 2008. Hayman asserts that these days should be added to the 148 day subtotal for a total of 323 days, or 53 days over Hayman's statutory speedy trial time limitation.

**{¶12}** Hayman acknowledges that R.C. 2945.72 provides for the tolling of the speedy trial time limitations in certain circumstances. However, he maintains that none of those provisions are applicable in this case and that the record does not demonstrate that the tolling of speedy trial time was reasonable and necessary.

---

[2] Thereafter, the speedy trial time was tolled for several additional purposes, with Hayman's assent.

{¶13} Specifically, Hayman claims that the State's inability to timely serve him was due solely to the State's failure to make a reasonable effort to obtain service and not because of any attempts to avoid service or other wrong-doing on his part. Hayman testified that he was living at his address of record the entire time; that he was home most of the time except for shopping, errands, etc.; that he did not know the deputy was trying to serve him; and, that he was not trying to avoid service. Hayman stated that the sheriff's department could have tried to reach him at his home at different times of the day, or could have attempted service over a longer period of time. He also maintains that he could have easily been served via regular or certified mail because he regularly received and responded to mail sent to his address. Hayman also testified that he had even contacted the sheriff's department and the court on several occasions,[3] and was never told that there was an outstanding summons or warrant.

{¶14} Hayman also complains that the motion to toll speedy trial time was not served upon him, in contravention of Crim.R.49(A), and that there is no indication that he would have failed to respond to the prosecutor's motion if he had been aware of its existence. A copy of summons and the motion to toll was mailed to Hayman's *former* attorney, Mary Snyder. However, Ms. Snyder only represented Hayman at the preliminary hearing in Tiffin Municipal Court. Ms.

---

[3] Hayman believed that the matter had been dropped because he was not aware of the indictment, and he was attempting to have some of his confiscated property returned to him. See Hearing Tr. pp. 55-57.

Snyder testified that her representation of Hayman ended when he was bound over to the common pleas court and Hayman was without counsel until a new attorney was appointed subsequent to his arrest in March 2009. Ms. Snyder testified that she wrote the prosecutor in early December and explained that she was not representing Hayman and the State's records should be corrected. However, none of the documents that were sent to Ms. Snyder were ever served upon Hayman.

{¶15} An accused presents a prima facie case for discharge due to a speedy trial violation by demonstrating that his case was pending for a time exceeding the statutory limits in R.C. 2945.71. *State v.* Butcher (1986), 27 Ohio St.3d 28, 31, 500 N.E.2d 1368. "[W]hen a criminal defendant shows that he has not been brought to trial within the proper time period, the burden shifts to the state to demonstrate that sufficient time was tolled or extended under the statute." *State v. Maisch*, 173 Ohio App.3d 724, 731, 2007-Ohio-6230, 880 N.E.2d 153, ¶24. Furthermore, "extensions of time permitted by R.C. 2945.72 are to be strictly construed and not liberalized in favor of the state." *State v. Chatman*, 3d Dist. No. 9-94-61, 1996 WL 65610, citing *State v. Singer* (1977), 50 Ohio St.2d 103, 109, 362 N.E.2d 1216. If the state fails to meet the speedy trial deadline, the case must be dismissed. R.C. 2945.73(B) and (D).

{¶16} Here, Hayman has demonstrated a prima facie case for discharge because the parties agree that 323 days elapsed between the date of his arrest and

his tolling motions. Therefore, the burden is placed on the State to demonstrate that sufficient time was tolled under Ohio's speedy trial statutory scheme.

{¶17} R.C. 2945.72 sets forth several circumstances that toll the period of time for a speedy trial. The State claims that the following two sections are applicable in this case:

> **The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:**
>
> **\*\*\***
>
> **(D) Any period of delay occasioned by the neglect or improper act of the accused;**
>
> **\*\*\***
>
> **(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion;**

R.C. 2945.72.

{¶18} The State contends that Hayman was at home and was intentionally trying to avoid personal service, therefore tolling the speedy trial time pursuant to R.C. 2945.72(D) due to Hayman's improper actions. At the hearing on the motion to dismiss, Lt. Reinhart testified that he went to Hayman's home on four

occasions[4] when he saw Hayman's car in the driveway and knocked on the door several times to see if anyone answered. Although a neighbor had told the lieutenant that Hayman was usually home if his car was in the driveway, Lt. Reinhart testified that he did not see or hear anyone inside the home and no one answered the door. While the State contends that Hayman was improperly trying to avoid service, we note that when Lt. Reinhart was asked on cross-examination whether he believed "that someone was present and refusing to come to the door and answer it," Lt. Reinhart responded, "Not really." Hearing Tr. pp. 22-23. Lt. Reinhart testified that he did not continue to try to serve Hayman for the full 28 days allowed by the rules because the date of the arraignment had passed. The State further maintains that it was not required to attempt service via mail because Crim.R.4(D) permits service of the summons by either (1) personal service, (2) residential service, *or* (3) certified mail service.

{¶19} Based on the testimony and records before it, the trial court denied Hayman's motion to dismiss. Normally, a reviewing court will give deference to the trial court's findings of facts where they are supported by competent, credible evidence. See *Masters*, 2007-Ohio-4429, at ¶11. However, we find that the trial court's decision in this case was based upon findings that were contradicted by the

---

[4] Lt. Reinhart testified that he also drove by Hayman's home on two other dates, but did not knock on the door because he did not see his car on the property. Other than the first attempt to serve the summons on 11/18/2007, the lieutenant did not record, nor did he specifically remember, the dates or times of any of his later attempts. The places to note this information on the back of the summons were blank.

record. The trial court's initial decision stated that Mary Snyder was appointed to represent Hayman in the Seneca County Common Pleas Court and that she was mailed a copy of the summons.[5] However, the record clearly states that Ms. Snyder *only* represented Hayman in the Tiffin Municipal Court, her representation ceased as soon as he was bound over to the court of common pleas, and she did not inform Hayman of her receipt of the summons or any other documents. The trial court also noted that five attempts at service were made, although Lt. Reinhart testified to four attempts. The trial court did not give any other reasons for its denial of Hayman's motion to dismiss, other than noting the order tolling the speedy trial time until Hayman could be properly served.

{¶20} Even assuming, arguendo, that Hayman was unavailable or trying to avoid being served, that period of time would only account for twenty days, from November 18th, when the State first attempted service, through December 7th, when the warrant was issued and the State moved to toll time.[6] There was no evidence of any wrongdoing on Hayman's part which would justify not applying the 45 days between October 4th and November 18th towards the speedy time

---

[5] The following week, the trial court did issue an Amended Journal Entry in which it deleted the sentence, "Attorney Mary Snyder was appointed to represent the Defendant in Seneca County Common Pleas Court." However, the decision still retained the sentence stating that "Attorney Mary Snyder's office was mailed a Summons by regular mail," with no reference to the fact that Attorney Snyder was no longer representing Hayman at this time. The rest of the journal entry remained unchanged, and no additional reasons were provided as to why Hayman's speedy trial motion to dismiss was denied.

[6] The State only attempted service over a period of less than ten days, but we will extend the time not tolled until the warrant was issued, because the inability to serve Hayman necessitated issuing the warrant.

computations.

{¶21} The State also contends that the trial court's December 10, 2007 judgment entry properly tolled the time after that date under R.C. 2945.72(H), which allows the time needed to bring an accused to trial to be extended by "the period of any reasonable continuance granted ***. " The State filed a motion to toll the speedy trial time, stating that it had "used every available means for service upon Defendant," including attempts at personal service and mailing the summons to Ms. Snyder. On December 10, 2007, the trial court granted the State's motion to toll speedy trial time "until Defendant is properly served."

{¶22} Under R.C. 2945.72(H), continuances granted on the state's motion will toll the running of speedy trial time if the continuance is reasonable and necessary under the circumstances of the case. *State v. Saffell* (1988), 35 Ohio St.3d 90, 91, 518 N.E.2d 934. The record must affirmatively demonstrate that the continuance was reasonable and necessary. Id. The reasonableness of a continuance is determined by examining the purpose and length of the continuance as specified in the record. *State v. Kopchak,* 5th Dist. No. 06CA108, 2007-Ohio-4026, ¶34, citing *State v. Lee* (1970), 48 Ohio St.2d 208, 210, 357 N.E.2d 1095. "[I]t is difficult, if not unwise, to establish a per se rule of what constitutes 'reasonableness'" ***. Invariably resolution of such a question depends on the peculiar facts of a particular case." *Saffell*, 35 Ohio St.3d at 91.

**{¶23}** We have examined the issue of indefinite tolling of speedy trial time where we held that "R.C. 2945.72(H) does not give the trial court blanket discretion to extend the time in which an accused must be brought to trial." *State v. Chatman*, Marion App. No. 9-94-61, 1996 WL 65610, *4. In addition, we held that "[t]he applicable time limit is not tolled absolutely, but merely extended by the time necessary in light of the reason for the delay." Id.

**{¶24}** In the case before us, the trial court tolled the speedy trial time until Hayman could be served. However, there is nothing in the record to indicate that *any* affirmative action was taken to serve or arrest Hayman after the State obtained the warrant and the motion to toll the speedy trial time. In fact, Lt. Mark Deer of the Seneca County Sheriff's department testified that there was no record that anyone tried to personally serve the warrant prior to Hayman's arrest after the traffic stop.

**{¶25}** Lt. Deer eventually served Hayman with the warrant on March 27, 2008, after his arrest in Marion County. On the return of service, Lt. Deer acknowledged that "I received this writ on 12/10/2007 at 1:50 PM with instructions to make service upon Hayman, Jonathan K. Type of service: Personal." At the hearing, he testified that he had never tried to serve the warrant prior to Hayman's arrest and he had not given the warrant to anyone else in the department to attempt service. Lt. Deer testified as to the handling of the warrant:

**Q. Once your agency receives a warrant, what is done with the paperwork?**

**A. It's made up and put in the stack of papers for individuals to go through. And we go through on a regular basis making sure that we keep up on the indictments coming through.**

**Q. At some point (inaudible)?**

**\*\*\***

**A. It's entered in by the dispatchers when it comes through.**

**Q. Is there a policy at the office about personally serving warrants when they are sent to your office?**

**A. As soon as the warrants come through, due to – there are only three of us in the warrants transport division, and we try to keep up on the warrants as much as possible \*\*\*.**

Hearing Tr. pp. 27-29.

{¶26} In a case with similar circumstances, the Twelfth District Court of Appeals held that the speedy trial time is not tolled where "the sheriff's office simply entered the arrest warrant into the NCIC database and took no further action to locate appellant or arrest him on that warrant." *State v. Baker*, 12th Dist. No. CA 1008-03-008, 2009-Ohio-674, ¶18. See, also, *State v. Major*, 180 Ohio App.3d 29, 2008-Ohio-6534, 903 N.E.2d 1272, ¶17 (State failed to act with reasonable diligence to secure defendant's availability for trial when all pursuit of defendant ceased until he was pulled over for traffic violation years after his release.); *State v. Lasley,* 12th Dist. No. CA2007-01-004, 2007-Ohio-5632, ¶13

(merely entering an arrest warrant into a database, the Law Enforcement Agencies Data System, and sending the warrant to the county of residence of the defendant without any further action did not constitute reasonable diligence and was insufficient to toll the speedy trial time under R.C. 2945.72.).

{¶27} The trial court tolled the speedy trial time until Hayman could be properly served. However, the State did not make any attempt to serve Hayman or contact him in any way. Furthermore, he never received any notice of the warrant, or the motion to toll the speedy trial time. There is nothing in the record to indicate the State showed reasonable diligence, or did anything at all, to secure Hayman's availability after the warrant was issued. As noted above, when a continuance is granted, the speedy trial time limit is not tolled absolutely, but merely extended by the time necessary in light of the reason for the delay. There was no evidence that Hayman had left the jurisdiction or was in any way trying to avoid prosecution. "The Ohio speedy-trial statute is mandatory and constitutional and must be construed strictly against the state." *Masters*, 2007-Ohio-4229, at ¶9 Therefore, we find that the State lacked a reasonable basis for tolling the 110 days from the date of the warrant until Hayman's arrest, and the 45 days from the date of his initial release until service of the summons was first attempted. Because over 300 days elapsed before the speedy trial time was rightfully tolled, we find

that the trial court erred in denying Hayman's motion to dismiss for a speedy trial violation.

**{¶28}** Hayman's first assignment of error is sustained. Because this issue is dispositive of his case, we need not address the second assignment of error. The judgment of the Seneca Court of Common Pleas is reversed and the cause is remanded for further consideration consistent with this opinion.

*Judgment Reversed and*
*Cause Remanded*

**SHAW, J., concurs in Judgment Only.**
**PRESTON, J., concurs.**

**/jlr**