OPINION
{¶ 1} Appellant, the State of Ohio, appeals the decision of the Clinton County Court of Common Pleas to dismiss charges against appellee, Jimmie M. Lasley, for failure to comply with Ohio's speedy trial statute, R.C. 2945.71 et seq.[1] For the reasons that follow, we affirm the decision of the trial court.
 {¶ 2} Appellant filed a complaint with the Clinton County Municipal Court on *Page 2 
December 30, 2005 charging defendant with possession of crack cocaine, a third-degree felony, in violation of R.C. 2925.11(A) following his arrest for this crime on December 29, 2005. On January 3, 2006, appellee made an initial appearance in municipal court and bond was set at $25,000. Unable to post bond, appellee remained incarcerated. On January 6, 2006, the bond was modified to $2,500 with conditions, including that appellee keep the court advised of his current address. At that time, the file was transferred to the Clinton County Court of Common Pleas. Appellee posted bond and was released on January 9, 2006. The state does not allege that appellee failed to fully comply with the terms of bond following his release.
 {¶ 3} On February 3, 2006, the state filed a three-count indictment. The original charge of possession of crack cocaine was included in addition to new charges of trafficking cocaine, a third-degree felony, in violation of R.C. 2925.03(A)(2) and possession of cocaine, a fourth-degree felony, in violation of R.C. 2925.11(A). On the same date, a warrant was issued for appellee's arrest. On February 8, 2006, the Clinton County Sherriff received the warrant. The warrant was entered into the Law Enforcement Agencies Data System on February 8, 2006. The address appellee provided was a Montgomery County address, so the only other action the Clinton County Sheriff's office took to serve the warrant was to send it to the Montgomery County Sheriff's office.
 {¶ 4} On October 6, 2006, appellant was detained in custody of the Middletown Police Department. On that date, the Clinton County Sheriff executed the warrant and appellee was returned to Clinton County to answer the indictment. He pleaded not guilty to all counts under the indictment. Bond was set at $75,000. Appellee was unable to post bond and remained incarcerated. His counsel filed the motion to dismiss for failure to comply with R.C. 2945.71, Ohio's speedy trial statute, on November 6, 2006.
 {¶ 5} The facts recited by the trial court came from a review of the court's file and *Page 3 
records and testimony of Major Brett Prickett, the custodian of records of the Clinton County Sheriff's office at a fact finding hearing. After the hearing, the trial court granted each side an opportunity to file a post hearing brief to present arguments of law. Only appellee chose to file one. Though it specifically stated that the state presented minimal evidence and failed to state a legal basis for its extension of the speedy trial time limits, the trial court undertook an extensive review of the tolling provisions under R.C 2945.72. Based on the minimal facts in the record, the trial court determined that appellee's statutory right under R.C. 2945.71 to a speedy trial had been violated and granted the motion to dismiss. This appeal follows.
 {¶ 6} The state asserts as its sole assignment of error the following:
 {¶ 7} "THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION TO DISMISS BASED UPON HIS CLAIM THAT HE WAS NOT BROUGHT TO TRIAL WITHIN THE STATUTE OF LIMITATIONS."
 {¶ 8} Although appellant's brief mischaracterizes its arguments regarding the reasoning of the trial court as being related to statute of limitations, the briefs of both parties discuss the issue of application of speedy trial law.
 {¶ 9} Because speedy trial issues involve mixed questions of law and fact, a reviewing court must give deference to those findings of fact of the trial court supported by competent and credible evidence but reviews de novo the application of law to those facts. State v. Murphy, Clinton App. No. 2006-02-005, 2007-Ohio-2068, ¶ 11.
 {¶ 10} The right to a speedy trial is guaranteed by theSixth Amendment of the United States Constitution and Article I, Section 10 of the Ohio Constitution. Ohio has devised a statutory scheme to implement the constitutional guarantees. See R.C. 2945.71 et seq. The state argues at length in its brief that the trial court incorrectly applied federal constitutional law. The state argues that the trial court committed error when it failed to apply Barker v. Wingo (1972), 407 U.S. 514, 530,92 S.Ct. 2182. However, the trial court's analysis was *Page 4 
limited to application of the protections provided by Ohio's speedy trial statute. The relevant statutory speedy trial provision, R.C.2945.71(C), states that "[a] person against whom a charge of felony is pending * * * [s]hall be brought to trial within two hundred seventy days after the person's arrest."
 {¶ 11} The United States Supreme Court has not established the exact number of days within which a trial must be held in order to be in compliance with the Sixth Amendment right to a speedy trial, but it has recognized that states may prescribe a reasonable period of time consistent with constitutional requirements. See State v. Parker,113 Ohio St.3d 207, 2007-Ohio-1534, ¶ 11, citing Barker v. Wingo (1972),407 U.S. 514, 523, 92 S.Ct. 2182, 2188. The legislature is permitted to provide protections to its citizens greater than those afforded by the constitution. State v. Boone, Cuyahoga App. No. 81155, 2003-Ohio-996, ¶ 23. The Ohio Supreme Court has stated that Ohio's speedy trial statutory provisions "constitute a rational effort to enforce the constitutional right." State v. Pachay (1980), 64 Ohio St.2d 218, at syllabus. The speedy trial provisions, including exceptions thereto, must be strictly construed against the state. State v. Singer (1977),50 Ohio St.2d 103, 109, citing R.C. 2901.04(A). This strict enforcement "has been grounded in the conclusion that the speedy trial statutes implement the constitutional guarantee of a public speedy trial."Parker at ¶ 14, citing Pachay at 218.
 {¶ 12} The Ohio Supreme Court has stated that the statute and the federal and Ohio constitutional provisions are coextensive. State v.O'Brien (1987), 34 Ohio St.3d 7, 9. However, courts have also acknowledged that there are circumstances in which the constitutional protections afforded may be broader than those guaranteed by the statute, see id, or narrower than the statutory protections, seeState v. Moffo, Green App. No. 2005 CA 131, 2006-Ohio-5764, ¶ 20. In circumstances where the constitutional protections are determined to be broader than the statutory protections, an Ohio trial court would need to *Page 5 
undertake an examination of the factors outlined in Barker v. Wingo
(1972), 407 U.S. 514, 530, 92 S.Ct. 2182. See State v. Davis (1976),46 Ohio St.2d 444, 446. Such circumstances are not present in the case at bar. The trial court determined that appellee's statutory speedy trial rights were violated without reference to federal or state constitutional law. In such a situation, an analysis underBarker is unnecessary. As such, appellant's assignment of error is overruled.
 {¶ 13} Although appellant's brief does not challenge the trial court's statutory analysis, we find that the trial court did not err when it determined that appellee's statutory speedy trial rights had been violated. Under R.C. 2945.71, the state of Ohio had 270 days in which to bring appellee to trial following his arrest. Appellee was arrested on December 29, 2005. The first counted day was December 30, 2006. Appellee was in jail for a total of 42 days on these charges during the course of the proceedings. Under R.C. 2945.71(E), a defendant receives triple credit for each day spent in jail in lieu of bond in calculating compliance. When the triple count procedure is applied, 394 days elapsed between the time of appellee's arrest and the filing of his motion to dismiss (a tolling event under R.C. 2945.72(E)). Likewise, the trial court did not err when it determined that none of the tolling provisions in R.C. 2945.72 were applicable, see State v. Lattimore (1990), Clermont App. No. CA89-06-058.
 {¶ 14} Judgment affirmed.
YOUNG, P.J. and BRESSLER, J., concur.
[1] Pursuant to Loc.R. 6(A), we have sua sponte removed this appeal from the accelerated calendar and place it on the regular calendar for purposes of issuing this opinion. *Page 1