DECISION AND JUDGMENT ENTRY
{¶ 1} Kindishe Tewolde appeals his conviction and sentence in the Ross County Court of Common Pleas for possession of cocaine, a first-degree felony, in violation of R.C. 2925.11. On appeal, Tewolde's counsel filed an Anders brief and alleged one potential error. He contends that the trial court violated Tewolde's right to a speedy trial when it granted the state's request for a continuance because of the unavailability of its witnesses. Because Tewolde also filed a motion for a continuance that extended the speedy trial deadline, and *Page 2 
because the state's seven-day continuance did not fall beyond the extended deadline, we disagree. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} A grand jury indicted Tewolde on one count of possession of cocaine, a felony of the first degree, in violation of R.C. 2925.11. Officers earlier arrested Tewolde on July 15, 2006. After a not guilty plea, the court set his jury trial for October 5, 2006. He remained in jail.
 {¶ 3} On October 2, 2006, Tewolde moved the court for a continuance of his trial. The court granted his motion and reset his trial for November 13, 2006. However, before trial, the state moved the court for a continuance of the November 13 trial date because of the unavailability of some of its witnesses. Tewolde objected to the continuance because of the lengthy time that had passed and because he had remained in jail from the date of his arrest. The court granted the motion and reset the trial for November 20, 2006.
 {¶ 4} On November 20, 2006, Tewolde entered a no contest plea. The court found him guilty and sentenced him accordingly.
 {¶ 5} Tewolde filed a notice of appeal. His attorney on appeal, pursuant to Anders v. California (1967), 386 U.S. 738, notified this court that he could not find a meritorious issue for appeal. Tewolde's attorney filed a brief outlining one potential assignment of error.
 {¶ 6} In Anders, the United States Supreme Court held that if, after a conscientious examination of the record, a defendant's counsel concludes that the case is wholly frivolous, he should so advise the court and request *Page 3 
permission to withdraw. Id. at 744. Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. Id. Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and (2) allow his client sufficient time to raise any matters that the client chooses. Id.
 {¶ 7} Upon receiving an Anders brief, we must "conduct `a full examination of all the proceedings to decide whether the case is wholly frivolous.'" Penson v. Ohio (1988), 488 U.S. 75, 80, quotingAnders, 386 U.S. at 744. After fully examining the proceedings below, if we find only frivolous issues on appeal, we then may proceed to address the case on its merits without affording appellant the assistance of counsel. Id.; see, also, State v. Kent, (Mar. 4, 1998), Jackson App. No. 96CA794; State v. Hart, (Dec. 23, 1997), Athens App. No. 97CA18. If we find, however, that meritorious issues for appeal exist, we must afford appellant the assistance of counsel in order that counsel may address the issues. Anders, 386 U.S. at 744; Penson, 488 U.S. at 80; see, e.g.,State v. Alexander (Aug. 10, 1999), Lawrence App. No. 98CA29.
 {¶ 8} Here, Tewolde's counsel did not: (1) furnish his client with a copy of the brief and request to withdraw; and (2) allow his client sufficient time to raise any matters that the client chooses. Therefore, we ordered the clerk to serve Tewolde with a copy of the brief, and we gave Tewolde sufficient time to file a brief. Tewolde did not file a pro se brief. Accordingly, we will examine counsel's potential assignment of error, and the entire record below to determine if this appeal lacks merit. Counsel raises the following potential assignment of error: *Page 4 
"THE TRIAL COURT ERRED IN CONTINUING THE CASE FOR TRIAL AT THE MOTION OF THE STATE, OVER THE OBJECTION OF TRIAL COUNSEL, ON NOVEMBER 13, 2006."
 II. {¶ 9} Tewolde, through his counsel, contends that the trial court violated his right to a speedy trial when it granted the state's request for a continuance because of the unavailability of the state's witnesses. Specifically, he maintains that the state failed to establish that it used "due diligence" in trying to secure the appearance of its witnesses.
 {¶ 10} We first set forth our standard of review. "Upon appellate review, a speedy trial issue raises a mixed question of fact and law. We accept the facts found by the trial court on some competent credible evidence, but freely review application of the law to the facts" de novo. State v. Woltz (Nov. 4, 1994), Ross App. No. 93CA1980, unreported. An accused must first show a prima facie case for discharge by demonstrating that the state exceeded the time limit imposed by R.C.2945.71. State v. Butcher (1986), 27 Ohio St.3d 28, 30-31. To avoid dismissal, the state must then show that R.C. 2945.72 extended the time limit.
 {¶ 11} The Sixth Amendment to the United States Constitution, made binding on the states by the Fourteenth Amendment, and Section 10, Article I of the Ohio Constitution guarantee a defendant the right to a speedy trial. See, e.g., State v. Parker, 113 Ohio St.3d 207,2007-Ohio-1534, at ¶ 11. The United States Supreme Court declined to establish the exact number of days the state has to bring a defendant to trial. Instead, it recognized that individual states may *Page 5 
establish reasonable times that are consistent with the constitution.Barker v. Wingo (1972), 407 U.S. 514, 523. The Ohio Legislature responded by enacting R.C. 2945.71, which sets forth specific time requirements for the state to bring a defendant to trial. State v.Hughes (1999), 86 Ohio St.3d 424, 425.
 {¶ 12} R.C. 2945.71 (C)(2) provides that a person charged with a felony shall be brought to trial within 270 days after his arrest or service of summons. Pursuant to R.C. 2945.71(E), each day spent in jail counts as three days toward speedy trial computation. The burden is on the state to bring the accused to trial within this statutory period.State v. Singer (1977), 50 Ohio St.2d 103, 106. These speedy trial statutes are mandatory and strictly enforced because they implement the constitutional guarantee of a speedy trial. State v. Montgomery (1980),61 Ohio St.2d 78, 80; State v. Pudlock (1975), 44 Ohio St.2d 104, 105.
 {¶ 13} Here, the state arrested Tewolde on July 15, 2006. The state concedes that they had ninety days to try him because he remained in jail during this time. Therefore, unless extended, the state had until October 13, 2006 to bring Tewolde to trial. The state did not bring Tewolde to trial until after that date. Thus, Tewolde presented a prima facie case for discharge.
 {¶ 14} The time within which an accused must be brought to trial may be extended for the reasons listed in R.C. 2945.72. These reasons include "any period of delay necessitated by reason of a * * * motion * * * instituted by the accused" and "[t] he period of any continuance granted upon the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion[,] "R.C.2945.72(E) (H). *Page 6 
 {¶ 15} Here, the trial court granted Tewolde's motion for a continuance of the October 5, 2006 trial date. The court reset the trial for November 13, 2006, i.e., a thirty-nine day continuance. Therefore, extending the original speedy trial time limit of October 13 by thirty-nine days means that the state had until November 29, 2006 to bring Tewolde to trial. He entered a plea on November 20, 2006, well within the extended speedy trial deadline. Consequently, we do not address Tewolde's argument that the trial court erred when it granted the state a seven-day continuance, i.e., from November 13 to November 20, because any error committed by the trial court was harmless.
 {¶ 16} Accordingly, we overrule Tewolde's potential assignment of error.
 {¶ 17} Upon our independent review of the record, we conclude that Tewolde's counsel provided Tewolde with a diligent and thorough search of the record and has appropriately concluded, as we do, that the proceedings below were free from prejudicial error. See Penson, supra;State v. Jordan, Vinton App. No. 03CA583, 2004-Ohio-1064. Hence, we find that no grounds exist to support a meritorious appeal.
 {¶ 18} Accordingly, we affirm the judgment of the trial court. In addition, once counsel submits a proper motion to withdraw, we will grant it.
 JUDGMENT AFFIRMED. *Page 7 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the costs herein be taxed to the Appellant.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
Harsha, J.: Concurs in Judgment Only.
 Abele, J.: Concurs in Judgment and Opinion. *Page 1