OPINION
{¶ 1} Defendant-appellant, Raymond Baker, appeals his conviction and sentence in the Fayette County Court of Common Pleas for trafficking in cocaine in violation of R.C. 2925.03(C)(4), a felony of the second degree.
 {¶ 2} On March 1, 2006, appellant was arrested in Washington Court House; a complaint was filed in the Washington Court House Municipal Court charging him with trafficking in cocaine. Appellant posted bond and was released on March 7, 2006. On March *Page 2 
10, 2006, he was indicted on one count of trafficking in cocaine in violation of R.C. 2925.03(C)(4)(a). On March 16, 2006, the complaint in the municipal court was dismissed.
 {¶ 3} More than a year later, on May 22, 2007, the state moved to amend the subsection of the statute charged in the indictment for the crime of trafficking in cocaine. Under the amended indictment, appellant was charged with one count of trafficking in cocaine in violation of R.C. 2925.03(C)(4)(d). The amended indictment was served on appellant on August 6, 2007. He was in prison at the time. It is not clear when appellant became incarcerated.
 {¶ 4} On August 23, 2007, appellant moved for discovery. On October 16, 2007, he filed a motion to dismiss on the grounds that his constitutional and statutory rights to a speedy trial were violated. Appellant also argued that the state did not exercise reasonable diligence in securing his availability. A hearing on the motion revealed that when appellant posted bond, he listed his address in Dayton, Montgomery County; once the original indictment was issued, the Fayette County Sheriff's Office entered the warrant for appellant's arrest "into the NCIC services in an attempt to try to locate him;" in fact, it is the sheriff's office policy "just to enter them into the computer;" no further action was taken to find appellant or arrest him on the warrant; and the sheriff's office did not know the whereabouts of appellant until August 2007 when he was apprehended in Montgomery County on separate charges and the sheriffs office put a holder on him.
 {¶ 5} At the conclusion of the hearing on appellant's motion to dismiss, the trial court asked the prosecutor and defense attorney to base their arguments on the factors outlined in Barker v. Wingo (1972),407 U.S. 514, 92 S.Ct. 2182. The prosecutor argued that "the reason for the delay was simply that [appellant] was not picked up in Montgomery County, it's not our practice to send deputies across the State. * * * We issued a warrant, forwarded it to Montgomery County, forwarded the information that was available on that. * * [W]e needed *Page 3 
the cooperation of the Montgomery County authorities to [pick him up] and for whatever reason he wasn't picked up. * * * [W]e provided [the address listed by appellant] so they could be actively looking for him." The prosecutor further stated they did not know how long appellant was in Montgomery County before the sheriff's office discovered in August 2007, that appellant was in that county. There is no evidence that appellant attempted to avoid prosecution.
 {¶ 6} By entry filed January 15, 2008, the trial court overruled appellant's motion to dismiss as follows: "The dismissal of the Municipal Court case as opposed to a bindover tolled the statutory speedy trial. [Appellant] was arrested on March 1, 2006 and bonded out of jail on March 7, 2006. [He] was indicted on March 10, 2006 and a dismissal of the Municipal Court case was entered on March 10, 2006 [sic]. This dismissal is the tolling event." On March 12, 2008, a jury found appellant guilty of trafficking in cocaine. This appeal follows in which appellant raises two assignments of error.
 {¶ 7} Assignment of Error No. 1:
 {¶ 8} "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO DISMISS ON STATUTORY SPEEDY TRIAL GROUNDS."
 {¶ 9} Appellant argues that his statutory right to a speedy trial was violated under R.C. 2945.71 and 72, and thus, the trial court erred in denying his motion to dismiss. We agree.
 {¶ 10} We note at the outset that on appeal, appellant doesnot argue that his constitutional right to a speedy trial was violated. Yet in its brief, the state only addresses whether appellant's constitutional right to a speedy trial was violated under Wingo and ignores appellant's statutory violation argument. In its entry, the trial court overruled appellant's motion to dismiss solely on the ground that the dismissal of the complaint in the municipal court was the tolling event. The trial court's determination that appellant's speedy trial rights were not violated was made without reference to federal or state constitutional law. Rather, *Page 4 
the trial court's holding was impliedly based on R.C. 2945.71 and 72. Therefore, an analysis under Wingo is unnecessary. State v. Lasley, Clinton App. No. CA2007-01-004, 2007-Ohio-5632, ¶ 12. As a result, we will only address whether appellant's statutory right to a speedy trial was violated under R.C. 2945.71 and 72.
 {¶ 11} "The right to a speedy trial is guaranteed to all state criminal defendants by the Sixth and Fourteenth Amendments to the United States Constitution * * * and by Section 10, Article I of the Ohio Constitution." State v. Riley, 162 Ohio App.3d 730, 2005-Ohio-4337, ¶ 16. The Ohio Legislature enacted the provisions in R.C. 2945.71 et seq. in an effort to prescribe "reasonable speedy trial periods consistent with these constitutional provisions." Id. at ¶ 17. "The speedy trial statutory provisions constitute a rational effort to enforce the constitutional right to a speedy trial and must be strictly enforced by the courts." Id., citing State v. Pachay (1980),64 Ohio St.2d 218, syllabus. An appellate court's review of a speedy-trial issue involves a mixed question of law and fact: the appellate court defers to the trial court's findings of fact as long as the findings are supported by competent, credible evidence, but the appellate court independently reviews whether the trial court properly applied the law to those facts.Riley at ¶ 19.
 {¶ 12} Under R.C. 2945.71(C)(2), a person against whom a charge of felony is pending must be brought to trial within 270 days after the person's arrest. The day of the arrest is not included when computing this time limit. State v. Baker, Fayette App. No. CA2005-05-017,2006-Ohio-2516, ¶ 21. Each day a defendant is held in jail in lieu of bond counts as three days under the triple-count provision of R.C. 2945.71(E). If not brought to trial within the statutory time period, the defendant must be discharged. R.C. 2945.73(B). Once the defendant establishes that 270 days have elapsed, the defendant has established a prima facie case for discharge. See State v. Geraldo (1983),13 Ohio App.3d 27. The time to bring a defendant to trial, however, may be extended for any of the reasons enumerated in *Page 5 
R.C. 2945.72. The extensions of time under R.C. 2945.72 are to be strictly construed against the state. See State v. Singer (1977),50 Ohio St.2d 103.
 {¶ 13} Appellant was arrested on March 1, 2006 and released on March 7, 2006. The first counted day was March 2, 2006. Appellant was in jail for six days on the trafficking charge during the course of the proceedings. When the triple-count procedure is applied, 552 days elapsed between the time of appellant's arrest and the filing of his motion for discovery (a tolling event under R.C. 2945.72[E]).
 {¶ 14} The trial court, however, held that the "March 10, 2006" dismissal of the complaint in the municipal court was the tolling event. We find that the trial court's holding is erroneous. First, the trial court incorrectly found that the complaint in the municipal court was dismissed on March 10, 2006, the same day the original indictment was issued. The record before us shows that while the original indictment was issued on March 10, 2006, the complaint in the municipal court was not dismissed until several days later, on March 16, 2006.
 {¶ 15} Further, the Ohio Supreme Court has stated that "the speedy trial statute shall run against the state only during the time in which an indictment or charge of felony is pending." State v. Broughton
(1991), 62 Ohio St.3d 253, 258. In State v. Azbell, 112 Ohio St.3d 300,2006-Ohio-6552, the supreme court held that "[f]or purposes of calculating speedy-trial time pursuant to R.C. 2945.71(C), a [felony] charge is not pending until the accused has been formally charged by a criminal complaint or indictment, is held pending the filing of charges, or is released on bail or recognizance." Id. at syllabus. The supreme court noted that "[i]t is either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge that engage the particular protections of the speedy trial provision of the Sixth Amendment." Id. at ¶ 11 (citation omitted).
 {¶ 16} In the case at bar, appellant was arrested on March 1, 2006, released on March *Page 6 
7, and indicted on March 10, and the complaint in the municipal court was dismissed on March 16. In light of Broughton and Azbell, and the fact that appellant was indicted before the complaint was dismissed, the felony charge of trafficking in cocaine against appellant was pending for purposes of calculating speedy-trial time pursuant to R.C. 2945.71(C) from the time he was arrested on March 1, 2006. Thus, appellant was "a person against whom a charge of felony is pending" under R.C. 2945.71 from the time of his arrest. The speedy trial statute was therefore not tolled by the dismissal of the complaint in the municipal court, and the trial court erred in so holding.
 {¶ 17} As noted earlier, 552 days elapsed between the time of appellant's arrest and the filing of his motion for discovery. Of the tolling provisions in R.C. 2945.72, neither R.C. 2945.72(A) (any period during which the accused is unavailable for trial by reason of other criminal proceedings against him, provided that the prosecution exercises reasonable diligence to secure his availability), nor R.C. 2945.72(D) (any period of delay occasioned by the neglect or improper act of the accused) are applicable.[1] In Lasley, a case very similar to the case at bar, [2] we held that merely entering an arrest warrant into a database (the Law Enforcement Agencies Data System) and sending the warrant to the county of residence of the defendant without any further action did not constitute reasonable diligence and was insufficient to toll the speedy trial time under R.C. 2945.72. Id.,2007-Ohio-5632, ¶ 13. See, also, State v. Lattimore (Feb. 12, 1990), Clermont App. No. CA89-06-058 (mere issuance of a *Page 7 
warrant with the proper authorities does not fulfill "due diligence" under R.C. 2945.72; no neglect or improper act by an accused when the accused did not affirmatively act to avoid service of his indictment).
 {¶ 18} In the case at bar, the record does not demonstrate whether appellant changed residence after he was released on March 7, 2006. There is no evidence that appellant attempted to avoid prosecution or that he avoided the execution of the warrant. On the other hand, the record shows that once the original indictment was issued, the sheriffs office simply entered the arrest warrant into the NCIC database and took no further action to locate appellant or arrest him on that warrant.
 {¶ 19} In light of all of the foregoing, we find that appellant's statutory right to a speedy trial was violated. Consequently, the trial court erred by overruling appellant's motion to dismiss on grounds his statutory right to a speedy trial had been violated. Appellant was entitled to a discharge pursuant to R.C. 2945.73(B). Appellant's first assignment of error is accordingly sustained.
 {¶ 20} Assignment of Error No. 2:
 {¶ 21} "THE TRIAL COURT ERRED BY OVERRULING APPELLANT'S MOTION FOR JUDGMENT OF ACQUITTAL PURSUANT TO RULE 29(A) OF THE OHIO RULES OF CRIMINAL PROCEDURE."
 {¶ 22} Appellant's second assignment of error has been rendered moot as a result of our disposition of his first assignment of error. Therefore, we need not decide it. See App. R. 12(A)(1)(c).
 {¶ 23} The trial court's judgment is reversed, and appellant is ordered discharged pursuant to R.C. 2945.73(B).
WALSH, P.J., and POWELL, J., concur.
[1] The other tolling provisions in R.C. 2945.72 are not applicable during the 552-day period.
[2] In Lasley, the defendant was arrested in Clinton County on December 29, 2005; a complaint charging him with possession of crack cocaine was filed in the municipal court on December 30, 2005; on January 9, 2006, the defendant posted bond and was released; he was indicted on February 3, 2006; the Clinton County Sheriff's Office ("the sheriff's office") entered the warrant for the defendant's arrest into the Law Enforcement Agencies Data System and send the warrant to the Montgomery County Sheriff's Office as the defendant had provided a Montgomery County address; no further action was taken by the sheriff's office; and on October 6, 2006, the sheriff's office executed the warrant on the defendant who was detained in custody of the Middletown Police Department. *Page 1