[Cite as *State v. Gutierrez*, 2010-Ohio-4549.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## PUTNAM COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,                CASE NO. 12-10-01

     v.

FELIPE GUTIERREZ, JR.             O P I N I O N

     DEFENDANT-APPELLANT.

**Appeal from Putnam County Common Pleas Court**
**Trial Court No. 2001 CR 99**

**Judgment Affirmed**

**Date of Decision:   September 27, 2010**

APPEARANCES:

    *John E. Hatcher* **for Appellant**

    *Gary L. Lammers* **for Appellee**

**ROGERS, J.**

{¶1} Defendant-Appellant, Felipe Gutierrez, Jr., appeals the judgment of the Court of Common Pleas of Putnam County convicting him of complicity to trafficking in drugs and engaging in a pattern of corrupt activity, and sentencing him to an aggregate seven-year prison term. On appeal, Gutierrez argues that the trial court erred as a matter of law by overruling his motion to dismiss the charges due to violation of the speedy trial statute. Based upon the following, we affirm the judgment of the trial court.

{¶2} In November 2001, the Putnam County Grand Jury indicted Gutierrez on Counts One, Two, Three, Four, Five, Six, Seven, Eight, Nine, Ten, Eleven, and Twelve, all complicity to trafficking in drugs in violation of R.C. 2923.03(A)(2) and 2925.03(A)(1),(2),(C)(3)(f), felonies of the second degree; and, Count Thirteen, engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1). The indictment arose after Gutierrez allegedly participated in a Putnam County marijuana-trafficking enterprise from November 1999 until November 2001 with multiple codefendants. On November 30, 2001, a warrant for Gutierrez's arrest was issued to the address of 1911 Lissner Street, Donna, Texas (hereinafter "Lissner Street address").

{¶3} On August 21, 2009, Gutierrez was returned from Texas to Ohio on the Putnam County warrant.

{¶4} On September 29, 2009, Gutierrez moved for extension of time to file pretrial motions, which the trial court granted until October 8, 2009.

{¶5} On October 6, 2009, Gutierrez moved for a continuance on the motion hearing scheduled for October 9, 2009, and the jury trial scheduled for November 2, 2009. Shortly thereafter, on October 7, 2009, Gutierrez filed a motion to dismiss the indictment on the basis that his speedy trial rights were violated under the mandates of R.C. 2945.71(C)(2). To his motion to dismiss, Gutierrez attached a "Verification of Incarceration Form" from the Sheriff's Office of Hidalgo County, Texas, reflecting that he was arrested on a fugitive warrant on June 25, 2002, and released on July 13, 2002, and was rearrested on August 7, 2003, and released on September 10, 2003. Additionally, Gutierrez attached a document from the 139th District Court of Hidalgo County, Texas, reflecting that he had appealed an order of extradition dated August 25, 2003, which the Texas Court of Appeals affirmed on January 24, 2007. Gutierrez also attached his own affidavit, attesting that he was indicted in Putnam County in November 2001; that he had always been a resident of Donna, Texas; that he never fled Ohio because of the 2001 warrant; that he was arrested on the warrant on June 25, 2002, in Texas and was released on July 13, 2002; that he was again arrested in Texas on the warrant on August 7, 2003, appealed the extradition proceedings, and was released after posting bond on September 10, 2003; that the

extradition proceedings were affirmed on appeal, and, on January 24, 2007, he was ordered to be extradited to Ohio; that, since January 24, 2007, he never received a court date or summons to appear on the 2001 indictment; that he made no effort to conceal his whereabouts; and, that, from January 24, 2007, until his arrest in Texas for driving while under the influence of alcohol on July 12, 2009, he heard nothing about the case.

{¶6} On October 13, 2009, the State filed a reply to Gutierrez's motion to dismiss. To its reply, the State attached a warrant for Gutierrez's arrest in Texas on the Ohio warrant dated September 5, 2002; an order from the District Court of Hidalgo, Texas, dated August 25, 2003, authorizing extradition to Putnam County, Ohio; an order dated September 10, 2003, reflecting that Gutierrez was released on bond pending appeal of the extradition order; and, a document dated January 24, 2007, reflecting that the Texas court's judgment authorizing extradition was affirmed by the Texas Court of Appeals on August 17, 2006, and was filed on February 7, 2007.

{¶7} On October 20, 2009, Gutierrez filed another motion to dismiss on the basis that he was not brought to trial within 270 days of his initial arrest or service of summons as required by R.C. 2945.71(C)(2). Shortly thereafter, the trial court granted Gutierrez's motion for a continuance and rescheduled the jury

trial for December 14, 2009. Additionally, the trial court held a hearing on Gutierrez's motion to dismiss, at which the following was heard.

{¶8} Gutierrez testified that, prior to his July 2009 arrest, he resided at 600 South Border Road, in Alamo, Texas (hereinafter "South Border Road address"); that, when he was released from jail following his arrest in Texas in 2003, Texas authorities put an electronic monitoring device on his leg, but removed it soon after; that he was not informed in January 2007 that his appeal regarding extradition had been decided; that he was employed at Harley Davidson and Suzuki in Texas from 2002 or 2003 until 2009; that he filed Texas income tax returns in 2007, 2008, and 2009; that no one contacted him after June 2007 to tell him that there was a warrant for his arrest in Ohio; that, to his knowledge, no one contacted his friends or relatives to inquire as to his whereabouts; that he did not know if his bond required him to notify the court of any change of address; that he moved from the Lissner Street address approximately eight or nine years ago; that, the first time he was arrested back in 2002, he was residing at the South Border Road residence; and, that his previous affidavit indicating that he had always been a resident of Donna, Texas, did not conflict with his statement that he lived in Alamo, Texas, for the last eight or nine years because "something happened to the county * * * it used to be Donna where I lived at 600, but they moved it to Alamo." (Hearing Tr., p. 20).

{¶9} Deputy Roy Sargent of the Putnam County Sheriff's Office testified that he was involved in the investigation of Gutierrez; that he was aware that Gutierrez was indicted in 2001 and arrested in Texas in 2002; that, thereafter, a governor's warrant was issued for his arrest; that an order of extradition was issued as a result of the governor's warrant; that Gutierrez appealed the extradition order; that he monitored the progress of the appeal by contacting the attorney handling the case for the state of Texas; that the attorney would always tell him that the appeal "was still in proceedings, and he would let me know when it was done and over with" (hearing tr., p. 22); that he would check with the attorney approximately once every six months; that he believed he received notification that the appeal was concluded in 2008; that, because the investigation involved more than one defendant, he occasionally had the opportunity to speak with Texas authorities about some of Gutierrez's codefendants that had contacts with Texas; that, while in Texas regarding the codefendants, he made inquiries of Texas authorities as to Gutierrez's whereabouts; that he travelled to Texas approximately five times while the appeal was pending and inquired about Gutierrez; that, at one point, Gutierrez was incarcerated when he travelled to Texas, however he had filed an appeal and was then bonded out; that, after that point, Gutierrez was no longer in custody of Texas authorities, and they did not know for certain where he was; that he did not receive notification that Gutierrez was in Texas authorities' custody

until July or August 2009, and Putnam County authorities took custody of him soon after; that he had travelled to the Lissner Street residence in Donna, Texas, because that was the address listed in the Putnam County Court files; and, that he attempted to talk to a Texas relative of Gutierrez regarding his whereabouts, but that he would not talk to him.

{¶10} In November 2009, the trial court made the following findings of fact pursuant to Crim.R. 12(F):

(1) An Indictment was issued on November 28, 2001.
(2) A Warrant was issued effective November 30, 2001.
(3) The Defendant was arrested on June 25, 2002 in the State of Texas.
(4) The Defendant was released on bond on July 13, 2002.
(5) A Governor's Warrant from the State of Ohio was issued on September 5, 2002.
(6) The Defendant was arrested on the Governor's Warrant on August 7, 2003.
(7) An order of extradition was issued on August 23, 2003.
(8) The Defendant filed an Appeal from the Texas Extradition Order on September 9, 2003.
(9) Bond was posted and provided for the Defendant's release on September 10, 2003.
(10) A decision by the Appellate Court of the State of Texas was filed on January 24, 2007. The Texas Court of Appeals issued a mandate ordering extradition to the state of Ohio on February 7, 2007.
(11) A capias was issued by the State of Texas on June 15, 2007. The Defendant was arrested on an unrelated charge on July 12, 2009 and an extradition order was concluded. The Defendant was extradited and brought to Putnam County, Ohio on August 21, 2009. Subsequent Motions were filed by the Defendant on September 30, 2009.

(Nov. 19, 2009 Judgment Entry, pp. 1-2). Without discussing its specific calculations, the trial court concluded that the speedy trial period under R.C. 2945.71 through 2945.73 had not been exhausted, and overruled Gutierrez's motion to dismiss.

{¶11} On December 4, 2009, pursuant to a plea agreement, Gutierrez withdrew his pleas of not guilty and entered a plea of no contest to Count One, complicity in trafficking in drugs in violation of R.C. 2923.03(A)(2), a felony of the second degree, and Count Thirteen, engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1), a felony of the first degree. The trial court dismissed the remaining counts at the State's request.

{¶12} In February 2010, the trial court sentenced Gutierrez to a seven-year prison term on Count One and a seven-year prison term on Count Thirteen, to be served concurrently. Additionally, the trial court ordered Gutierrez to pay a $7,500 fine.

{¶13} It is from this judgment that Gutierrez appeals, presenting the following assignment of error for our review.

> **THE TRIAL COURT ERRED AS A MATTER OF LAW BY OVERRULING DEFENDANT'S MOTION TO DISMISS DUE TO VIOLATION OF THE SPEEDY TRIAL STATUTE.**

{¶14} In his sole assignment of error, Gutierrez argues that the trial court erred when it overruled his motion to dismiss due to violation of his speedy trial

rights. Specifically, he argues that he was not timely brought to trial because a minimum of 360 days should be charged against the State in calculating the speedy trial period. Alternately, he contends that, although Ohio's speedy trial statute does not generally apply to extradition proceedings, the State failed to demonstrate that it exercised reasonable diligence in securing his availability as required by R.C. 2945.72(A). To his appellate brief, Gutierrez attached an affidavit stating that he was first arrested in June 2002 at the South Border Road address on the November 2001 Putnam County indictment; that, in June 2002, he was informed of the charges by the U.S. Marshals, but was never provided with a copy of the indictment; that, in July 2002, he posted bond and was released; that he continually resided at that address until his arrest in Texas on unrelated charges in June 2009; and, that he did not attempt to conceal his identity or change his social security number.

{¶15} "Our standard of review upon an appeal raising a speedy trial issue is to count the expired days as directed by R.C. 2945.71, et seq." *State v. King*, 3d Dist. No. 9-06-18, 2007-Ohio-335, ¶30, citing *State v. DePue* (1994), 96 Ohio App.3d 513, 516. If any ambiguity exists, this Court will construe the record in the defendant's favor. *King*, 2007-Ohio-335, at ¶30, citing *State v. Mays* (1996), 108 Ohio App.3d 598, 609.

**{¶16}** "Both the United States and Ohio Constitutions guarantee a criminal defendant the right to a speedy trial." *State v. Masters*, 172 Ohio App.3d 666, 2007-Ohio-4229, ¶9, citing *State v. Baker*, 78 Ohio St.3d 108, 110, 1997-Ohio-229. In addition, Ohio statutes set forth specific time requirements necessary for compliance with the speedy trial guarantee. The applicable statutory speedy trial provision, R.C. 2945.71(C)(2), provides that "[a] person against whom a charge of felony is pending * * * [s]hall be brought to trial within two hundred seventy days after the person's arrest."

**{¶17}** Additionally, R.C. 2945.73(B) provides that "[u]pon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by sections 2945.71 and 2945.72 of the Revised Code." Both R.C. 2945.71 and 2945.73 are mandatory, and strict compliance is required by the State. *King*, 2007-Ohio-335, at ¶32, citing *State v. Pudlock* (1975), 44 Ohio St.2d 104, 105. "Therefore, when a criminal defendant shows that he was not brought to trial within the proper period, the burden shifts to the State to demonstrate that sufficient time was tolled or extended under the statute." *State v. Maisch*, 173 Ohio App.3d 724, 2007-Ohio-6230, ¶24, citing *Masters*, 172 Ohio App.3d 666, at ¶10, citing *State v. Butcher* (1986), 27 Ohio St.3d 28, 31.

**{¶18}** The statutory time period begins to run on the date the defendant is arrested; however, the date of arrest is not counted when computing the time period. *Masters*, 172 Ohio App.3d 666, at ¶12, citing *State v. Stewart* (1998), 12th Dist. No. CA98-03-021, 1998 WL 640909. Additionally, the triple-count statute, R.C. 2945.71(E), provides that, for computation purposes, each day an accused spends in jail in lieu of bond on the pending charge shall count as three days. *State v. Euton*, 3d Dist. No. 2-06-35, 2007-Ohio-6704, ¶24. Time extensions are permitted in limited circumstances under R.C. 2945.72, including:

> **(A) Any period during which the accused is unavailable for hearing or trial, by reason of other criminal proceedings against him, within or outside the state, by reason of his confinement in another state, or by reason of the pendency of extradition proceedings, provided that the prosecution exercises reasonable diligence to secure his availability;**
>
> **\* \* \***
>
> **(D) Any period of delay occasioned by the neglect or improper act of the accused;**
>
> **(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;**

R.C. 2945.72(A), (D), (E). Therefore, where the accused is unavailable for hearing or trial due to the pendency of extradition proceedings, the State must exercise reasonable diligence to secure his availability, or the time will still be

charged to the State. *State v. Tullis*, 10th Dist. No. 04AP-333, 2005-Ohio-2205, ¶22.

**{¶19}** Initially, we will discuss Gutierrez's argument that the State failed to demonstrate that it exercised reasonable diligence in securing his availability as required by R.C. 2945.72(A).

**{¶20}** Courts have found that the State exercised reasonable diligence in securing a defendant's availability where the police promptly issued a warrant for a defendant's arrest, repeatedly attempted to interview the defendant's family in Ohio, contacted New York authorities where the defendant also had family, mailed a copy of the warrant to the defendant's New York relatives, and aired the case on "America's Most Wanted," *Tullis*, supra; and, where, at the time the indictment was issued, the defendant was not a resident of the charging county, the defendant changed residences twice between the date of the indictment and his arrest, the defendant had no directory listing in the charging county, and, immediately upon receiving the indictment, summons, and warrant, the authorities sent copies to the sheriff's office in the county of the defendant's last known residence, *State v. Packard* (1988), 52 Ohio App.3d 99.

**{¶21}** In contrast, courts have found that the State failed to exercise reasonable diligence where there was no evidence that the defendant attempted to avoid prosecution or changed residences, and where the sheriff's office simply

entered the arrest warrant into the NCIC database and took no further action, *State v. Baker*, 12th Dist. No. CA2008-03-008, 2009-Ohio-674; where the defendant was living at the address of record, the record contained no evidence that any affirmative action was taken to serve or arrest the defendant, and the State did not attempt to serve the defendant via mail, *State v. Hayman*, 3d Dist. No. 13-09-22, 2010-Ohio-1264; and, where the charging county sent a teletype and letter advising authorities in Michigan, where the defendant was incarcerated on another charge, of its warrant and then took no action for over a ten-year period, *State v. Major*, 180 Ohio App.3d 29, 2008-Ohio-6534.

{¶22} Here, the evidence demonstrated that Putnam County authorities obtained a governor's warrant for Gutierrez's arrest in 2002; that a Texas court ordered Gutierrez's extradition, which he appealed; that the extradition appeal was pending in Texas for several years, during which Putnam County authorities contacted the Texas state attorney every six months to monitor the case, and learned that Texas authorities had released Gutierrez on bond and did not know his whereabouts; that, while Gutierrez' appeal was pending, Putnam County authorities spoke with Texas authorities about his whereabouts approximately five times while in Texas regarding his codefendants; that Putnam County authorities travelled to the Lissner Street address, the address of record with the court for Gutierrez; that Putnam County authorities attempted to speak with Gutierrez's

relative in Texas; and, that Putnam County authorities mailed two copies of the summons to Gutierrez at the Lissner Street address, which were returned to the trial court marked "Return to Sender, Not Deliverable as Addressed, Unable to Forward." Additionally, we note that, although numerous Texas court documents appear in the record, none list Gutierrez's address. We find that, in light of the preceding case law, the State demonstrated it exercised reasonable diligence in attempting to secure Gutierrez's availability, and, consequently, the time period during which Gutierrez's extradition proceedings were pending should be tolled.

**{¶23}** Further, where a defendant challenges extradition, the speedy trial period will not begin until the charging state obtains custody of the defendant. *State v. Adkins* (1982), 4 Ohio App.3d 231, 232; *State v. Godley*, 3d Dist. No. 13-91-31, 1992 WL 52760; *State v. Hirsch* (1998), 129 Ohio App.3d 294, 316, citing R.C. 2945.72(A); *Tullis*, 2005-Ohio-2205, at ¶22. Here, despite his multiple previous arrests in Texas, Gutierrez was not actually arrested and returned to the custody of Ohio authorities until August 21, 2009. Consequently, the speedy trial period began to run on that date.

**{¶24}** We find that the speedy trial period ran from Gutierrez's apprehension in Ohio on August 21, 2009, until his filing of a motion for a continuance on September 29, 2009. This 40 day period is subject to triple-count computation pursuant to R.C. 2945.71(E), as Gutierrez was not released on bond,

which constitutes a total period of 120 days charged to the state. We find the remainder of time, from Gutierrez's filing of a motion for a continuance on September 29, 2009, until his no contest plea on December 4, 2009, to be charged to Gutierrez due to the pendency of his two motions to dismiss and his subsequent request for a continuance of the trial date until December 14, 2009. Accordingly, only 120 days of the 270 day statutory period elapsed, and we find that Gutierrez's speedy trial rights were not violated.

{¶25} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**SHAW and PRESTON, J.J., concur.**

**/jlr**