The STATE of Ohio, Appellant,

v.

STOKES, Appellee.

[Cite as *State v. Stokes*, 193 Ohio App.3d 549, 2011-Ohio-2104.]

Court of Appeals of Ohio,
Twelfth District, Warren County.

No. CA2010–09–086.

Decided May 2, 2011.

David P. Fornshell, Warren County Prosecuting Attorney, and Michael Greer, Assistant Prosecuting Attorney, for appellant.

Fowler, Demos & Stueve and Jeffrey W. Stueve, for appellee.

BRESSLER, Judge.

{¶ 1} The relevant portion of this case began when a complaint and warrant were issued against defendant-appellant, Austell Stokes, in the Mason Municipal Court on August 29, 2007. On September 10, 2007, the trial court recalled Stokes's arrest warrant when John L. O'Shea entered his appearance as counsel of record on Stokes's behalf. At that time, O'Shea vowed to bring Stokes before the court on September 13, 2007, for his arraignment. On September 13, 2007, as promised, Stokes appeared before the municipal court, at which time he signed a speedy-trial time waiver, received a copy of the complaint, and listed his address as "1446 Bercliff Avenue, Cincinnati, Ohio, 45223."[1] The same day, the municipal court scheduled Stokes' s preliminary hearing. However, on October 9, 2007, Stokes signed a form waiving his right to a preliminary hearing and agreed to be bound over for indictment.

{¶ 2} On December 21, 2007, Stokes was indicted for six counts of unauthorized use of a motor vehicle in violation of R.C. 2913.03(B), all felonies of the fifth degree. On January 8, 2008, the Warren County Sheriff's Office made an unsuccessful attempt to serve Stokes with the summons and indictment at the Bercliff Avenue address, at which time the deputy left notice of the indictment at the home. According to the summons, Stokes was scheduled to appear in court for arraignment on January 11, 2008. However, when Stokes failed to appear for the scheduled arraignment, the trial court issued a bench warrant for his arrest. While it is not clear from the record at what point, if any, Stokes's attorney of record received notice of the scheduled arraignment, the record is quite clear that his attorney received notice of all other relevant proceedings, including a "notice of failure of service" upon Stokes on January 18, 2008.

{¶ 3} The record is silent as to further activity on the case until September 1, 2009, when the Warren County Prosecutor's Office engaged the services of the Southern Ohio Fugitive Apprehension and Strike Team ("SOFAST") to search local and federal identification systems for an updated address for Stokes. Following an unsuccessful search, agents of the prosecutor's office returned to the Bercliff Avenue address on September 2, 2009, where the current residents advised the agents that Stokes had not lived there for the last two years.

{¶ 4} The record is again silent as to activity until January 4, 2010, when it indicates that Stokes was arrested in Florida and subsequently extradited to Ohio. On January 6, 2010, Stokes was arraigned, at which time the trial court set

---

1. While the existence of the speedy-trial time waiver is apparent from the record, we decline to further address the issue or render our decision on this basis, where all parties failed to address the time waiver at any time.

his jury trial for April 15–16, 2010.[2] Prior to trial, however, Stokes moved to dismiss the pending charges on the grounds that he had not been tried within Ohio's "speedy-trial" limits. See R.C. 2945.71 et seq.

{¶ 5} In its decision, the trial court dismissed Stokes's charges after finding that the state had failed to present evidence "sufficient to rebut the prima facie case of a statutory speedy trial violation."

{¶ 6} The state timely appeals, raising one assignment of error for review:

{¶ 7} "The Warren County Court of Common Pleas erred when it granted the appellee's motion to dismiss based on a violation of R.C. § 2945.71."

{¶ 8} In its sole assignment of error, the state argues that it exercised reasonable diligence in attempting to bring Stokes to trial. Additionally, the state argues that it was Stokes's own "neglect" and "improper actions" that caused a majority of the delay at issue.

{¶ 9} We note at the outset that the trial court based its holding solely on statutory grounds, rather than constitutional grounds under *Barker v. Wingo* (1972), 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101. Moreover, although Stokes briefly asserted that he had been denied his constitutional right to a speedy trial in his motion to dismiss, his arguments below and on appeal focus upon his statutory speedy-trial rights. Thus, because Stokes did not develop the issue regarding his constitutional right to a speedy trial in the trial court, an analysis under *Wingo* is unnecessary. See, e.g., *State v. Russell* (June 30, 1998), Athens App. No. 97 CA 37, 1998 WL 357546, at *12. As a result, we will address only whether Stokes's statutory right to a speedy trial was violated under R.C. 2945.71 and 2945.72.

■ {¶ 10} An appellate court's review of a speedy-trial issue involves a mixed question of law and fact: the appellate court defers to the trial court's findings of fact as long as the findings are supported by competent, credible evidence, but the appellate court independently reviews whether the trial court properly applied the law to those facts. *State v. Baker*, Fayette App. No. CA2008–03–008, 2009-Ohio-674, 2009 WL 372362, ¶ 11.

■ {¶ 11} Under R.C. 2945.71(C)(2), a person against whom a felony charge is pending must be brought to trial within 270 days after the person's arrest or service of summons. See, e.g., *State v. Tewolde*, Ross App. No. 07CA2946, 2007-Ohio-6330, 2007 WL 4201352, ¶ 12. The day of the arrest is not included when computing this time limit. *Baker* at ¶ 12. If not brought to trial

---

**2.** For a reason not apparent from the record, the court continued Stokes's trial until April 29–30, 2010, and again until July 15–16, 2010, at Stokes's own request.

within the statutory time period, the defendant must be discharged. R.C. 2945.73(B). Once the defendant establishes that 270 days have elapsed, the defendant has established a prima facie case for discharge. *Baker* at ¶ 12. However, R.C. 2945.72 provides various grounds for extending the statutory time limits, including "(D) Any period of delay occasioned by the neglect or improper act of the accused." The extensions of time under R.C. 2945.72 are to be strictly construed against the state. See, e.g., *State v. Steinke*, 158 Ohio App.3d 241, 2004-Ohio-1201, 814 N.E.2d 1230, ¶ 5.

■ {¶ 12} As previously discussed, Stokes was indicted on December 21, 2007, for six counts of unauthorized use of a motor vehicle in violation of R.C. 2913.03(B). During the hearing on Stokes's motion to dismiss, the parties stipulated that Stokes had not been brought to trial within the 270–day time limit mandated by R.C. 2945.71(C)(2). Accordingly, the state bears the burden of demonstrating that the provisions of R.C. 2945.72 extended the time limitation.

■ {¶ 13} The state argues that Stokes's own neglect or improper acts caused the delay in prosecution when he failed to notify authorities of a reliable address where he could be contacted after being released on bail. Further, the state argues that it exercised reasonable diligence in attempting to secure Stokes's availability for trial when it visited the Bercliff Avenue address twice after the issuance of the indictment. Stokes counters that the state failed to exercise reasonable diligence in securing his availability when the state attempted to obtain service only twice over a roughly two-year period. See *Baker*, 2009-Ohio-674, 2009 WL 372362, at ¶ 15.

{¶ 14} Upon review of the record, we find no violation of Stokes's statutory speedy-trial rights. Specifically, we find that the trial court's conclusion that the state did not present evidence sufficient "to rebut a prima facie case of a statutory speedy trial violation" is not supported by the evidence. Instead, our independent review of the record shows that the delay between September 13, 2007, the date of Stokes's first appearance of record, and January 4, 2010, the date of his arrest in Florida, was caused by Stokes's failure to furnish a reliable address to authorities or otherwise maintain appropriate contact with his attorney or the court.[3]

---

3. The record does not indicate the specific date of Stokes's initial arrest, nor have the parties provided a more specific timeline for the events in this case. However, the record supports the fact that Stokes made his initial appearance in the Mason Municipal Court on September 13, 2007, at which time he received a copy of the complaint and signed a speedy-trial time waiver. Because this date is definitively demonstrated in the record, we adopt it as the "start date" for purposes of this appeal. R.C. 2945.71(C)(2).

{¶ 15} We reach this conclusion because the facts of the case indicate that Stokes had sufficient notice of the pendency of charges against him to require, at minimum, that he continue to make himself readily available to the court and his attorney, which would include providing a reliable address. See *State v. McClaine* (Dec. 15, 1983), Cuyahoga App. No. 46969, 1983 WL 2911, at *2. In *McClaine*, the Eighth District Court of Appeals held that the 304 days between the issuance of defendant's summons and his eventual re-arrest were not chargeable to the speedy-trial time limit when "[a]bsent evidence that [defendant's] failure to receive [service of summons] resulted from circumstances beyond his control, defendant was obliged to accept and receive that notice at the address he supplied." Id. The court further held that a defendant's failure to make himself "readily available for subsequent appearances by providing a reliable address can be 'neglect or [an] improper act of the accused' which extends the speedy trial time limits, pursuant to R.C. 2945.72(D)." Id.

{¶ 16} Similarly, in the case at bar, it is clear that Stokes furnished an address that became unreliable (for, at the very least, the time he spent in Florida), and yet, despite several appearances in court during September and October 2007, he failed to notify the court of any changes therein. Thus, Stokes's failure to claim a summons issued twice by personal service is, at the least, delay occasioned by his own neglect to furnish a proper address during the pendency of his charges.

{¶ 17} Along analogous lines, we acknowledge that other courts have held that speedy-trial arguments are "waived" when a defendant's failure to furnish a reliable address results in failed service of summons and the defendant's subsequent absence at a court proceeding. See, e.g., *State v. Bauer* (1980), 61 Ohio St.2d 83, 15 O.O.3d 122, 399 N.E.2d 555 (an accused who escapes the jurisdiction, thereby rendering himself inaccessible to the court, waives his right to a speedy trial); *State v. Gibson* (1992), 75 Ohio App.3d 388, 599 N.E.2d 438; *State v. Eldridge*, Scioto App. No. 02CA2842, 2003-Ohio-1198, 2003 WL 1145442; *State v. Fultz*, Ross App. No. 06CA2923, 2007-Ohio-3619, 2007 WL 2051554.

{¶ 18} Under either perspective, the core principle remains the same: " '[W]e should not allow [defendants] to use their slipperiness to claim the protection' " of speedy-trial time limitations. *State v. Gums*, Cuyahoga App. No. 86760, 2006-Ohio-3159, 2006 WL 1704528, ¶ 22, quoting *State v. Triplett* (1997), 78 Ohio St.3d 566, 679 N.E.2d 290. "A contrary rule would permit an accused on bail to avoid prosecution permanently by providing an inaccurate address or by refusing mail notice for hearing, unless the state makes additional extraordinary efforts to locate him." *McClaine*, 1983 WL 2911, at *2.

{¶ 19} Accordingly, we find that the period between Stokes's initial appearance of record on September 13, 2007, and his eventual arrest on January 4, 2010,

should be excluded from the speedy-trial calculation, thus negating Stokes's claim of a speedy-trial violation.

{¶ 20} The judgment is reversed, and the cause is remanded.

Judgment reversed
and cause remanded.

HENDRICKSON, P.J., and RINGLAND, J., concur.